VIVIAN M. O'CONNOR vs. ANNIE SOLOMON ET ALS.

First Judicial District, Hartford, January Term, 1926.

WHEELER, C. J., CURTIS, KEELER, MALTBIE and HAINES, Js.

Although a large measure of lenience is always accorded to the ill-advised litigant who, without skill or experience, sees fit to conduct his own cause before our courts, the established rules of procedure, upon which depend the prompt and orderly administration of justice, cannot be entirely disregarded.

Section 4749 of the General Statutes provides that any person who makes it his business to buy commodities and sell them in small quantities for a profit, and who proposes to sell, not in the regular course of business, the whole or a large part of his stock in trade or fixtures, shall cause a notice of his intention to make the sale to be recorded in the town clerk's office not less than fourteen nor more than thirty days before it is to be

O'Connor v. Solomon.

made, and that any sale made in violation of this requirement shall be void as against the creditors of the vendor unless the instrument of sale has itself been on record at least fourteen days. *Held* that in calculating the fourteen-day period which must elapse after the recording of the instrument of sale before the rights of the vendor's creditors are barred, the day on which the instrument is recorded is to be excluded.

The plaintiff claimed that the manner in which the defendant C, a deputy sheriff, levied execution upon certain goods and fixtures in her drug store, constituted an abuse of process. *Held* that this claim was without merit.

Argued January 5th—decided January 28th, 1926.

ACTION to recover damages for injuries caused by the alleged wrongful levy of execution upon the property of the plaintiff, brought to the Superior Court in Hartford County and tried to the court, *Hinman, J.;* judgment rendered for the defendants, and appeal by the plaintiff. *No error.*

*Vivian M. O'Connor, pro se,* appellant (plaintiff).

*Frederick B. Hungerford,* for the appellees (defendants).

MALTBIE, J. The appellant, plaintiff in the court below, both there and here has herself prosecuted the case, although she is wholly without training or experience in legal procedure. A party who, unskilled, in such matters, seeks to remedy some claimed wrong by invoking processes which are at best technical and complicated, is very ill advised and assumes a most difficult task. Our courts, however, have always been lenient toward such an one, relaxing the rules wherever it can be done with propriety, and the record before us is replete with evidence that every reasonable assistance was given to the plaintiff in her efforts to present her case for trial and to prepare it for presentation to this court. We cannot, of course, entirely disregard

the established rules of procedure, adherence to which is necessary that parties may know their rights, that the real issues in controversy may be presented and determined, and that the business of the courts may be carried on with reasonable dispatch. But we do not, as we might, dismiss this appeal out-of-hand, with the comment that the record before us does not properly present any question of law which we could review. Rather, out of consideration for the plaintiff's youth and inexperience, we search the record to see if we can find any reasonable grounds upon which an appeal may be predicated.

The underlying facts seem not to be greatly disputed. In October, 1922, the W. F. O'Connor Co., Inc., owned and operated a drug store on Hartford Avenue in New Britain, dispensing various commodities therein at retail. On October 18th, 1922, the company sold this store in its entirety, with its fixtures and contents, to the plaintiff, under such circumstances as to bring the sale within the purview of § 4749 of the General Statutes, and it then gave her a bill of sale covering the transaction. No notice of an intention to make the sale, as provided in that statute, was filed, and the bill of sale was not recorded until November 21st, 1923. On November 9th, 1923, the present defendants Benjamin and Annie Solomon recovered in the City Court of New Britain three judgments, two against the W. F. O'Connor Co., Inc., and one against that company and the plaintiff, and on December 3d, 1923, executions upon these judgments were issued and given to the defendant Carlson, a deputy sheriff, to serve. On December 5th, 1923, he made demand upon the judgment debtors, and, payment being refused, he went to another drug store operated by the plaintiff and there found two wall fixtures, a glass show case and a set of scales which had been in the drug store on Hartford

Avenue when it was sold to the plaintiff and which had been included in the sale. These articles, after a considerable controversy with the plaintiff and her uncle and adviser, W. F. O'Connor, the defendant Carlson took under his execution, and later sold. Section 4749 of the General Statutes requires that any person who makes it his business to buy commodities and sell them in small quantities for the purpose of making a profit, and who proposes to sell, not in the regular course of business, the whole or a large part of his stock in trade or fixtures, shall cause a notice of his intention to make the sale to be recorded in the town clerk's office not less than fourteen nor more than thirty days before it is to be made; and the statute goes on to provide that any sale made in violation of that requirement shall be void as against any creditor, unless the instrument of sale has itself been filed for record in the town clerk's office at least fourteen days. In *Austin, Nichols & Co., Inc.,* v. *Gilman,* 100 Conn. 81, 123 Atl. 32, we construed this statute with reference to the method of calculating the fourteen-day period allowed as the shortest time before a sale for the filing of a notice of intention, and held that the day of recording the notice was to be disregarded and an attachment made by a creditor on the fourteenth day thereafter was good as against the rights of the vendee. The same rule would, of course, apply in calculating the fourteen-day period which must elapse after the recording of an instrument of sale, before the rights of creditors would be barred. Here the bill of sale was recorded on November 21st, 1923, and the levy of execution was made on December 5th, 1923. The property was, therefore, subject to the execution and the officer had the right to take it.

The plaintiff claims, however, that even though the officer had a right to levy the execution upon the arti-

cles in question, his conduct was such as to cause her injury and hardship and to constitute an abuse of process. The trial court finds the circumstances connected with the levy to be as follows: The officer went to the store in order to levy the execution upon the articles in question at the direction of the defendant Benjamin Solomon. Upon the officer's arrival, the plaintiff emphatically protested against his taking them and requested an opportunity to send for W. F. O'Connor, to whom she was in the habit of looking for advice and assistance. The officer consented and waited in the store for O'Connor's arrival. Upon his arrival, he and the plaintiff opposed and resisted the service of the process, and he advised her to order the officer to leave the premises, and suggested that she throw acid upon him. By reason of the delays and disputes which occurred, it became too late in the evening to remove the articles that day. The officer, to watch and retain possession of them and to guard against further resistance, placed a keeper in charge, with one or more helpers, who stayed through the night. This disturbed the plaintiff, who, with her sister, lodged in a room back of the store. The articles were removed the next morning and later sold on execution. As they were essential to the conduct of plaintiff's business, their removal caused damage to her in connection with it; and, by reason of the proceedings, she was greatly annoyed and excited, and was rendered nervous and ill. The trial court also finds that the reason the defendant Solomon gave for directing the officer to levy upon these articles was because he knew that they had been in the store on Hartford Avenue when it was sold to the plaintiff, and it also finds, as suggestive, no doubt, of the reason for employing assistance for the keeper, that O'Connor was known to the officer as a person who resisted the service of legal process, particularly attach-

O'Connor *v.* Solomon.

ments and executions.  It would be a reasonable con-
clusion from these facts that in no respect did the
officer make use of the process in his hands to accom-
plish a purpose unauthorized by law; that in the per-
formance of authorized acts, he was not influenced by
any improper purpose; and that he did not act so in
disregard of the interests or welfare of the plaintiff that
the law would presume in him an improper motive or a
disposition to do evil.  The interference with the plain-
tiff's business was a necessary result from the exercise
of the officer's duty under the process to take the prop-
erty to answer to the judgments secured; the delays and
disputes might fairly be regarded as resulting from the
conduct of the plaintiff and her adviser; and the em-
ployment of assistance to the keeper might well be
attributed to a reasonable fear on the part of the offi-
cer that an attempt would be made during the night
to remove the property beyond the reach of process.
Certainly nothing is here shown which the law would
regard as creating a legal right in the plaintiff to re-
cover for any damage done to her or her business.
1 R. C. L., p. 103 *et seq.;* 1 Cooley, Torts (3d Ed.) p.
355; 1 Jaggard, Torts, p. 632; *Dixon* v. *Smith-Wallace
Shoe Co.,* 283 Ill. 234, 241, 119 N. E. 265; *Kool* v. *Lee,*
43 Utah, 394, 404, 134 Pac. 906; *Dickerson* v. *Schwa-
bacher,* 177 Ala. 371, 58 So. 986; *Pittsburg, J., E. & E.
R. Co.* v. *Wakefield Hardware Co.,* 143 N. C. 54, 58,
55 S. E. 422; *Glidewell* v. *Murray-Lacy & Co.,* 124 Va.
563, 98 S. E. 665; *Taylor* v. *Jones,* 42 N. H. 25, 35.

The plaintiff in her oral argument stated various
other circumstances in connection with the levy of the
execution which she claimed to have proven, but these
are not found by the trial court, and the plaintiff has
not followed a procedure which would in any event
enable us to add to or correct the finding.  She has
filed in this court a so-called "Plea in Abatement," in

which she has pointed out several claimed inaccuracies and omissions in the printed record, but to sustain this as a real plea in abatement could only result in the dismissal of her appeal, leaving the judgment of the trial court in full effect, and her entire failure to follow the procedure established by the statutes and rules for obtaining corrections in the record leaves us in a position where we have no basis upon which we might give any such relief; although we may note that the error which she most stresses, the omission of certain words from a copy of a money order printed in the record, was corrected by the clerk by a paster affixed to the printed page. In the same "Plea," she seeks to have printed in the record a considerable amount of testimony given in the trial court; but, if printed, we could of course regard it only in connection with proceedings to secure corrections in the finding, and these have not been taken. The copy of the money order, which she claimed as proving a full payment of the debts for which the original actions were brought, could be of avail to her only in the trial in the City Court, and could not be a defense against the levy of the executions issued upon the judgments there recovered.

There is no error.

In this opinion the other judges concurred.