[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal brought by Michael Wrzensinski (hereinafter "plaintiff") from a denial of unemployment compensation benefits. The Employment Security Board of Review (hereinafter "Board") has certified and filed with the court the record of proceedings as required by Connecticut General Statutes section 31-249 (b). The record indicates that the administrator determined that the plaintiff was ineligible for benefits by a decision dated October 26, 1989 under authority of Connecticut General Statutes section 31-241. The plaintiff filed a timely appeal to a referee on November 6, 1989, and the referee conducted a de novo hearing. After the first hearing the referee reversed the administrator's determination by a decision of November 27, 1989, but the matter was reopened due to defective notice and another hearing was held on the matter at which the parties were at issue. The plaintiff appealed the ruling of his ineligibility to the Board of Review on January 18, 1990 under the provisions of Connecticut General Statutes section 31-249. The Board adopted the findings of the referee and affirmed his decision dismissing the plaintiff's appeal by its decision of March 23, 1990. The plaintiff, on April 23, 1990, appealed the Board's decision to this court under authority of Connecticut General Statutes section 31-249 (b).
The defendant is represented by the Attorney General and has filed a memorandum of law. The plaintiff has filed no brief in the matter. The defendant waived oral argument; the plaintiff did not respond to notice concerning same.
Under the circumstances this Court will exhibit some degree of leniency towards the unrepresented plaintiff who has failed to file a brief. See O'Connor v. Solomon, 103 Conn. 744
(1926); Basilicato v. Department of Public Utilities Control,197 Conn. 320 (1985).
The Court has reviewed the record of the proceedings before the Employment Security Appeal Division — Board of Review. It is noted that, "it is not the court's function to adjudicate questions of fact, nor may it substitute its own conclusions for those of the board." Cervantes v. Administrator,177 Conn. 132, 134 (1979). In fact, it is generally held that courts are bound by the findings of subordinate fact and reasonable factual conclusions of the board. Guevara v. Administrator, 172 Conn. 492, 495 (1977). CT Page 3008
In this case the plaintiff was discharged by his employer, Arrow Line, Inc., for repeated, wilful misconduct in the course of his employment which the Board found to have been supported by the evidence before it. Suffice it to say that from a review of the record it is clear that the factual findings were amply supported by the facts presented at the hearing and will not be disturbed.
The plaintiff's appeal of April 23, 1990, can only be interpreted as an attempt to dispute the findings of fact. It is clear from the provisions of section 31-249 (b) of the General Statutes and Connecticut Practice Book section 519 that the court cannot upset the conclusions when they depend upon the weight of the evidence or the credibility of the witnesses and are otherwise supported by some evidence.
"The superior court does not retry the facts or hear evidence but rather sits as an appellate court to review only the record certified and filed by the board of review." United Parcel Service, Inc. v. Administrator, 209 Conn. 381, 385
(1988).
Accordingly, for the reason indicated the appeal is dismissed.
LEUBA, J.