## C. J. MOZZOCHI *v.* FREEDOM OF INFORMATION COMMISSION ET AL.

## TOWN OF GLASTONBURY *v.* C. J. MOZZOCHI (15193)

O'Connell, Spear and Hennessy, Js.

Argued January 16—officially released March 11, 1997

*C. J. Mozzochi,* pro se, the appellant (plaintiff in the first four cases, defendant in the fifth case).

*Victor R. Perpetua,* for the appellee (named defendant in the first four cases).

*William S. Rogers,* for the appellee (defendant town of Glastonbury et al. in the first four cases, plaintiff in the fifth case).

PER CURIAM. The plaintiff C. J. Mozzochi[1] appeals from the judgment of the trial court enjoining him from bringing further appeals to the defendant freedom of information commission (FOIC) that (1) are brought frivolously without reasonable grounds and for the purpose of harassment and (2) would perpetuate an injustice or constitute an abuse of the FOIC's administrative process. The injunction is further limited to appeals that are of the same kind, nature, scope, magnitude, frequency and purpose as the requests that were involved in four designated FOIC requests and a specified FOIC advisory opinion.

We note that the plaintiff appears pro se. It is, of course, the policy of this court "to allow great latitude to a litigant who, either by choice or necessity, represents himself in legal proceedings, so far as such latitude is consistent with the just rights of any adverse party."

---

[1] C. J. Mozzochi is the plaintiff in four appeals from decisions by the freedom of information commission. He is the defendant in the town of Glastonbury's action to enjoin him from filing certain other actions with the commission. We refer to him as the plaintiff in this opinion.

*Bitonti* v. *Tucker*, 162 Conn. 626, 627, 295 A.2d 545, cert. denied, 409 U.S. 851, 93 S. Ct. 62, 34 L. Ed. 2d 94 (1972). This is because "[a] party who, unskilled in such matters, seeks to remedy some claimed wrong by invoking processes which are at best technical and complicated, is very ill advised and assumes a most difficult task." *O'Connor* v. *Solomon*, 103 Conn. 744, 745, 131 A. 736 (1926). Nonetheless, while the court exhibits some degree of leniency toward a pro se appellant, it cannot entirely disregard established principles of law.

We have carefully considered the record, briefs and the oral arguments of the parties. Having applied the appropriate standard of review, we conclude that the trial court's decision conforms to the applicable law.

The judgment is affirmed.