[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
This action arises from statements made by the defendant, Reginald F. Leonard, on January 29, 1992, and September 30, 1992, regarding an incident between himself and the plaintiff, Juanita H. Martin, during her armed occupation of a government-owned house in his neighborhood. The statements made on January 29, 1992, were for the purpose of a police report in response to questions from Enfield police officer David Thomas. On September 30, 1992, the defendant gave testimony in the plaintiff's criminal trial regarding the statements he had made in January. In that trial plaintiff was acquitted. On February 10, 1994, the pro se plaintiff filed a complaint sounding in slander and libel based on alleged harm resulting from the CT Page 5765 defendant's statements to the police on January 29, 1992, and his subsequent testimony at the plaintiff's trial on September 30, 1992. On February 11, 1998, the defendant moved for summary judgment.
— I —
The defendant moves for summary judgment on the ground that the plaintiff's action is barred by the statute of limitations, General Statutes § 52-597, which requires that actions for libel or slander be brought within two years of the date of the alleged wrongful act. The defendant maintains that there is no genuine issue of material fact that the conversation with the police took place on January 29, 1992, and that the plaintiff's complaint was filed on February 10, 1994, after the expiration of the two year statutory period for commencing such an action. The defendant provides in support of his motion his own sworn affidavit and the record of the case.
The plaintiff argues that because the statutory period for commencing this action ended on a Saturday when the court is closed, the statutory period should be extended until the following Monday, January 31, 1992, the date on which the complaint was signed; a claim for waiver of costs filed with the complaint caused an administrative delay in filing which could not have been foreseen; and finally that the act complained of was repeated in trial testimony on September 30, 1992, thereby extending the time period for the statute of limitations to September 30, 1994. The plaintiff refers the court to the record, but provides no evidence or case law in support of her argument.
— II —
It is the policy of the court "to allow great latitude to a litigant who, either by choice or necessity, represents himself in legal proceedings, so far as such latitude is consistent with the just rights of any adverse party."Mozzochi v. Freedom of Information Commission,44 Conn. App. 463, 464-65, cert. denied, 241 Conn. 919 (1997). Although pro se litigants are allowed some latitude, the right of self-representation provides no attendant license not to comply with relevant rules of procedural and substantive law. Zanoni v. Hudon, 42 Conn. App. 70, 77 (1996). CT Page 5766
— III —
Failure to bring suit within the period of limitations set forth in a statute bars the action. Gabrielle v.Hospital of St. Raphael, 33 Conn. App. 378, 384, cert. denied, 228 Conn. 928 (1994). In Connecticut, an action is brought once the writ, summons and complaint have been served upon a defendant. See General Statutes § 52-45a; Practice Book § 49. Rana v. Ritacco, 236 Conn. 330, 337
(1996); see also Hillman v. Greenwich, 217 Conn. 520, 527
(1991).
The record and the evidence reveal that the alleged act upon which the plaintiff's complaint is premised occurred on January 29, 1992. The sheriff's return indicates that the defendant was served on February 10, 1994 which is the date the present action was commenced and that date is twelve days after the expiration of the statutory period ending on January 29, 1994. The plaintiff's argument that there was activity on this case and an application for waiver of costs prior to January 29, 1994, has no merit, because action is not commenced by activity, only by service. The plaintiff's further argument that January 29, 1994, was a Saturday, and, thus, the statutory time limitation for commencing the action should be extended to the following Monday, also has no merit since the plaintiff did not serve the defendant by the following Monday, January 31, 1994, either.
— IV —
Finally, the plaintiff's argument that the defendant's later September 30, 1992, testimony regarding his January 29, 1992, statement to the police, as well as allegation in the defendant's counterclaim, constitute acts from which the statutory period may begin to run requires consideration whether such statements fell within the immunity rule. In Connecticut, parties to or witnesses before judicial or quasi-judicial proceedings are entitled to absolute immunity for the content of statements made therein, and cannot be held liable for libel under those circumstances. Field v.Kearns, 43 Conn. App. 265, 271, 280, cert. denied,239 Conn. 942 (1996). In Petyan v. Ellis, 200 Conn. 243, 245-6 (1986) our Supreme Court stated: CT Page 5767
 It has long been established that there is an absolute privilege for statements made in judicial proceedings. . . . There is a long standing common law rule that communications uttered or published in the course of judicial proceedings are absolutely privileged so long as they are in some way pertinent to the subject of the controversy. . . . The effect of an absolute privilege is that damages cannot be recovered for a defamatory statement even if it is published falsely and maliciously. . . . The policy underlying the privilege is that in certain situations the public interest in having people speak freely outweighs the risk that individuals will occasionally abuse the privilege by making false and malicious statements.
(Citations omitted.)
 The common law absolute privilege itself is not confined to the testimony of a witness but extends to any statement made in the course of a judicial proceeding, whether or not given under oath, so long as it is pertinent to the controversy. . . . Thus it applies to statements made in pleadings or other documents prepared in connection with a court proceeding.
(Citations omitted.) Id., 251-52.
In DeLaurentis v. New Haven, 220 Conn. 225, 264 (1991) the court stated: "The common law protects allegations in a complaint with an `absolute privilege.' . . . [A] party . . . is not liable for the words used in the pleadings and documents used to prosecute [a] suit." (Citations omitted.) Id., 263-64.
Thus, since the defendant cannot be held liable for his September 29, 1992, testimony or the allegations in his counterclaim because they are protected by absolute privilege given to statements made in judicial proceedings these statements cannot constitute further acts from which the statute of limitations may run. January 29, 1992, the date on which statements were made to the police officer, is the only operative date from which the statute must be CT Page 5768 calculated, and the statute of limitation bars an action based on those statements.
Accordingly, defendant's motion for summary judgment on the ground that the plaintiff's action is barred by the applicable statute of limitations is granted.
Jerry Wagner Judge Trial Referee