DORINA CUTLER ET AL. *v.* ANTOINETTA D. GREENBERG, EXECUTRIX (ESTATE OF ANTONIO AGOSTINELLI)

DORINA CUTLER ET AL. *v.* LAWRENCE J. GREENBERG
(AC 20118)

Schaller, Pellegrino and Dupont, Js.

Argued September 14—officially released November 14, 2000

*Dorina Cutler*, pro se, and *Yolanda Jablonski*, pro se, the appellants (plaintiffs in each case).

*James C. Delaney*, with whom, on the brief, was *James F. Cirillo, Jr.*, for the appellee (defendant in the first case).

*Lawrence J. Greenberg*, pro se, the appellee (defendant in the second case).

*Opinion*

PER CURIAM. The plaintiffs, Dorina Cutler and Yolanda Jablonski, appeal from the judgment of the trial court in the first case affirming the Hamden Probate Court order approving the accounting and distribution of assets in the estate of Antonio Agostinelli, and from the judgment in the second case in favor of the defendant, Lawrence J. Greenberg, who represented the executrix of the estate.[1] The plaintiffs present sixteen issues on appeal, eight relating to the probate order and eight relating to their action for damages against Lawrence J. Greenberg. The vast majority of the issues on appeal challenge the factual findings of the trial court. We affirm the judgments of the trial court.

The court's memorandum of decision thoughtfully and comprehensively outlines the facts and rather lengthy history of this appeal. We recite the necessary,

[1] The court consolidated both cases for trial.

relevant facts as found by the court as we discuss the issues.

I

We first consider the eight issues related to the appeal from the Probate Court order. The plaintiffs first claim that the court misinterpreted the reasons for the appeal and improperly treated the case as one seeking damages.

Although the prayer for relief stated that "the plaintiffs ask that the title of all the disputed assets be determined and . . . returned to the estate," the court properly determined that the case was an appeal from a probate order pursuant to General Statutes § 45a-186 (a).[2] The court heard evidence and treated the case as a trial de novo, not as an action for damages. The court comported fully with statutory prescriptions, and the plaintiffs enjoyed every right guaranteed to them by statute.

The plaintiffs' second claim involves a subpoena ordering Della Greenberg, the executrix of the estate, to turn over certain documents. The plaintiffs assert that the Probate Court failed to order her to comply with the subpoena. It does not appear that the plaintiffs properly preserved this issue on appeal, as we find no mention of it in the memorandum of decision, although the memorandum hints at documents subject to the subpoena. An appellate court is powerless to review a case on a theory on which it was not tried and decided by a lower court. *Lashgari* v. *Lashgari*, 197 Conn. 189, 196, 496 A.2d 491 (1985).

Moreover, the record does not reveal a request by the plaintiffs to enforce the subpoena. Enforcement of

[2] General Statutes § 45a-186 (a) provides in relevant part: "Any person aggrieved by any order, denial or decree of a court of probate in any matter, unless otherwise specially provided by law, may appeal therefrom to the Superior Court in accordance with subsection (b) of this section . . . ."

a subpoena is not self-executing in the event that a subpoenaed party fails or refuses to comply. We cannot ascribe impropriety to a court's failure to order compliance when those seeking enforcement never notified the court of noncompliance nor asked for compliance.

The plaintiffs' third claim concerns a default entered against Della Greenberg. The plaintiffs filed a motion for default for failure to plead, which the court granted on January 19, 1999. The defaulted party, Della Greenberg, still had the opportunity to plead, however, even after the court granted the plaintiffs' motion. The rules of practice permit a defaulted party to file an answer and have the default set aside so long as that answer is filed before the court renders a default judgment. Practice Book § 17-32. Here, the court never rendered a default judgment. Therefore, when Della Greenberg filed her answer and special defenses on February 2, 1999, the default was vacated, or no longer effective. The court determined correctly that the filing of the answer vacated the default for failure to plead.

The plaintiffs' fourth claim involves an alleged breach of Della Greenberg's fiduciary duty owed to the plaintiffs as beneficiaries. The court specifically found that the plaintiffs failed to establish that the executrix did not communicate with or provide an accurate inventory of the estate to the beneficiaries. On appeal, the plaintiffs need to show that the court's failure to find a breach of a fiduciary duty was clearly erroneous. *Spector* v. *Konover*, 57 Conn. App. 121, 126, 747 A.2d 39, cert. denied, 254 Conn. 913, 759 A.2d 507 (2000). "A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *State* v. *Hodge*, 248 Conn. 207, 224, 726 A.2d 531, cert. denied, 528 U.S. 969, 120 S. Ct.

409, 145 L. Ed. 2d 319 (1999). The plaintiffs have failed to show that the court's conclusion that the executrix's actions satisfied the standard of care the law requires of fiduciaries was clearly erroneous. They have not offered any further evidence and we are, therefore, not left with the firm conviction that the court committed a mistake.

In their fifth issue, the plaintiffs maintain that the court improperly permitted Lawrence J. Greenberg, the defendant in the second of the two consolidated cases, to object during the direct examination of Della Greenberg.[3] Lawrence J. Greenberg was appearing pro se and had the right to object to testimony offered by witnesses.

The plaintiffs' sixth claim involves the issue of the decedent's "in trust" bank accounts. The court declined to decide the issue because the parties already had adjudicated the claim in a prior Superior Court action. We find that the court acted properly. The record reveals that on January 11, 1995, the parties reached a settlement on this issue, and the court rendered judgment pursuant to that settlement. The plaintiffs do not dispute that they each received $10,000 as consideration for forgoing this claim in 1995. The court, therefore, properly refused to revisit the issue, having determined that it already had been litigated by the parties.

---

[3] We note that the plaintiffs seem to argue relative to this issue as well that the court's factual findings regarding the defendant's testimony were clearly erroneous. "The defendant's testimony was so contradictory that it could not have been the truth. The court allowed the defendant such latitude that [this] in fact proved that the defendant did not tell the truth on the stand." We reiterate our refusal to disturb the factual findings of a trial court unless those findings are clearly erroneous. Facts are not clearly erroneous merely because one party asserts that testimony was contradictory. Because the trial court is primarily vested with the power to make credibility determinations, the plaintiffs must do more than summarily state that a credibility determination was wrong.

The plaintiffs' seventh claim attacks the court's finding that they did not adequately prove inaccuracies in the administration account. When attacking a court's finding of fact, a litigant must show that it is clearly erroneous, not merely disputable. *Evans* v. *Commissioner of Correction*, 37 Conn. App. 672, 677, 657 A.2d 1115, cert. denied, 234 Conn. 912, 660 A.2d 354 (1995). The plaintiffs have failed to do so. The court explicitly stated that it "[found these allegations] to be unproven." The plaintiffs have not indicated why that conclusion is clearly erroneous, and we therefore decline to disturb the court's finding.

The plaintiffs' last claim in the appeal from the probate order relates to the appointment of Francis Lamboley as administrator of the estate.[4] The plaintiffs argue in their principal brief that the court identified improperly the date of the appointment. The plaintiffs claim that the "memorandum of decision erred as to the appointment . . . . [It] was February 26, 1992, not May of 1993 . . . ." The court did refer to May, 1993, not as the date of appointment, but rather as the date that

[4] In concluding their brief for the appeal from the probate decree, the plaintiffs state one misconception that we believe requires clarification. The plaintiffs appear to believe that the court found that they proved their claims by a preponderance of the evidence. That misunderstanding undoubtedly lies in the following statement in the memorandum of decision. "Also, notwithstanding that some of their claims against Della Greenberg sound in fraud, the court has determined the claims of the plaintiffs based on a standard of proof more favorable to them, by a preponderance of the evidence." That statement simply identified the standard of proof that the court intended to apply to the facts of the plaintiffs' case. Although some of the counts in the complaint appeared to sound in fraud, the court adopted a preponderance of the evidence standard on all claims. Fraud requires a higher standard of proof than preponderance of the evidence, that of " 'clear, precise and unequivocal.' " *Barbara Weisman, Trustee* v. *Kaspar*, 233 Conn. 531, 540, 661 A.2d 530 (1995). The court was only explaining that it would resolve the entire case using a standard of proof more favorable to the plaintiffs than the standard required in a fraud case. It was not a statement that the court had found the plaintiffs had proven their claims by a preponderance of the evidence.

funds were turned over to Lamboley. Even if the court misunderstood the date of the appointment, we fail to see the magnitude of the error. The plaintiffs must show more than a misstated date.

## II

We now turn to the eight issues related to the second of the two consolidated appeals, the action against Lawrence J. Greenberg. The plaintiffs' first issue alleges that the court should not have found that the defendant acted properly in his representation of the estate. The plaintiffs argue that he failed to notify them that he represented the estate. In their argument, the plaintiffs mention a $3000 advance that the defendant allegedly solicited from them. They also allege that the defendant misrepresented the estate's assets in asking for that advance.

The allegations of misrepresentation must fail for two reasons. First, the plaintiffs have not demonstrated any injury. They allege that the defendant asked for an advance, but they never honored the request. That being the case, the court correctly determined that the plaintiffs failed to show an injury or monetary loss. Second, the plaintiffs have not shown that the court was clearly erroneous in its finding that they had failed to demonstrate that the event occurred or, even if it had, that the defendant's solicitation violated any standard of care. Absent a showing of injury and clear error, we do not disturb the judgment.

The plaintiffs' second issue involves a claim of excessive fees in the defendant's preparation of an estate inventory and a request that the plaintiffs relinquish their inheritance rights to the estate. The court stated that it "credits the testimony of the defendant that no such statements were ever made." That finding of fact must stand unless the plaintiffs can show that it was

clearly erroneous, which requires more than a statement in their brief asserting that the court was in error.

The plaintiffs' third claim alleges that the court improperly determined that the defendant did not withhold assets. The court explicitly found that "the defendant did not wrongfully withhold any assets. Nor was there any wrongful request for fees. Moreover, the plaintiffs have failed to prove any such monetary losses." The plaintiffs have not provided us with any evidence to show that the court's conclusion was clearly erroneous. They appear to rely on a delay in turning over funds to the second successor-administrator, Lamboley. The court rejected, however, any claim that this delay constituted withholding assets. In its prior discussion of the issues related to the plaintiff's appeal from the Probate Court order, the court noted that "these funds were neither misused nor misapplied, only that they were turned over later than would have been expected if the administration of this estate had been free of conflict." We remain unconvinced that this conclusion was clearly erroneous, and note the importance of the trial court's role in fact-finding and assessing credibility. *Berry* v. *Loiseau*, 223 Conn. 786, 821, 614 A.2d 414 (1992).

In their fourth issue on appeal, the plaintiffs claim that the court rejected improperly their allegation that the defendant failed to inform the Probate Court of a safety deposit box and that he knowingly prepared a false affidavit. The plaintiffs again challenge findings of fact, but fail to show that those findings are clearly erroneous. The court thoughtfully considered this claim and determined that the defendant did not act improperly. The court found that the defendant assisted in the preparation of an inventory of the safety deposit box when he learned of its existence and that he had no knowledge of the affidavit's inaccuracy. Moreover, the court noted that the defendant later prepared a corrected affidavit. The plaintiffs obviously disagree with

those conclusions, but their disagreement alone is insufficient to show clear error.

The plaintiffs allege in their fifth issue that the court improperly determined that the defendant's conduct caused the plaintiff Yolanda Jablonski to sign a quitclaim deed under duress. The court found, however, that the plaintiffs presented "no evidence that the defendant's conduct was unprofessional or inappropriate in any way." On appeal, the plaintiffs present none to us, either, aside from bare statements in their briefs that contradict the court's memorandum of decision.

The sixth issue on appeal relates to the defendant's bookkeeping and alleged negligence in handling the affairs of the estate. The plaintiffs did not adequately brief this issue. Their brief points us to no error, but instead recites various rules and procedures for maintaining records and filing taxes. Moreover, we find that the court was not clearly erroneous in its conclusion that the "plaintiffs did not prove that the defendant did any act that cheated them out of any money that was rightfully theirs."

The seventh issue on appeal relates to the court's statement concerning the date Lamboley was appointed successor-administrator. This issue is identical to the eighth issue in the appeal from the probate order discussed in part I of this opinion. For the same reasons enumerated in part I, we find that the court acted properly.

The last issue raised by the plaintiffs involves an allegation of bias and ex parte communications between Judge Killian, the judge involved with the probate order, and the defendant. The plaintiffs allege that Judge Killian belittled them, treated them like children and eventually became the defendant's advocate. We first note that this issue was not raised before the trial court, and therefore the plaintiffs should not be able

to raise it on appeal. Due to the severity of the allegation, however, we feel compelled to address it briefly. The record is wholly devoid of any evidence to support these allegations. The Superior Court and a grievance panel have found these allegations to be groundless and without merit. We agree.

The judgments are affirmed.