[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I
The plaintiff, Cynthia Hudson, has filed the instant appeal from a decision of the defendant, Administrator, Unemployment Compensation Act, denying her claim for unemployment compensation.
The initial claim was filed on December 10, 1999, alleging that the plaintiff was wrongfully discharged from her job on November 23, 1999, at Spiros Restaurant, Hartford, Connecticut. The employer failed to respond to the complaint and on December 13, 1999, the Adjudication Specialist ruled in the plaintiff's favor.
An appeal was taken by the employer on December 22, 1999, and a hearing was scheduled for January 19, 2000. While the employer appeared, the plaintiff did not and an Appeals Referee reversed the prior decision noting, inter alia, that "the claimant did not explain to the Administrator, the employer or the Referee why she quit her job. Because she has not explained to the Referee why she quit her job, this Referee concludes that she lacked good cause for quitting." The plaintiff appealed that decision to the Board of Review, which affirmed the Referee's decision finding, "the appellant has offered no reason and has thus not demonstrated good cause for failing to attend the Referee's hearing. By choosing not to attend the Referee's hearing despite receipt of due notice of the hearing . . . ."
The appellant wrote to the Board stating that "I honestly swear that I've never knew or received anything saying I should be at the Referee's hearing, dated January 19, 1999. Every time I was supposed to be there, and I knew, I went!" (sic) The appellant appealed to this court and simultaneously, the Board considered her letter as a petition for review. The Board denied her request finding that "the claimant for the first time contends that she did not receive notice of the Referee's CT Page 16176 January 19, 2000 hearing. The notice of hearing was correctly addressed to the claimant's mailing address and was not returned to the Appeals Division as undeliverable. The claimant did not address her failure to appear due or failure to receive notice of the Referee's hearing in her appeal to the Board."
 II
The defendant now seeks judgment maintaining that as this court does not hear the case de novo, it is bound by the facts and the conclusions found below. Burnham v. Administrator, 184 Conn. 317, 322, 439 A.2d 1008,1010 (1981). The defendant contends that the plaintiff received notice of the hearing because it was sent to her and was not returned. In addition, it argues that she failed to raise this issue in her appeal from the Referee's decision. While notice may surely have been sent, and there is a presumption it was received. Morelli v. Manpower, Inc.,34 Conn. App. 419, 423, 642 A.2d 9 (1994), it may surely be rebutted. This pro se plaintiff, has, if nothing else, been indefatigable in pursuing her appeal. She states she never received notice of the hearing; she only asks for her "day in court." As noted by our Appellate Court inMozzochi v. Freedom of Information Commission, 44 Conn. App. 463,688 A.2d 363 (1997):
 We note that the plaintiff appears pro se. It is, of course, the policy of this court "to allow great latitude to a litigant who, either by choice or necessity, represents himself in legal proceedings, so far as such latitude is consistent with the just rights of any adverse party." Bitonti v. Tucker, 162 Conn. 626, 627, 295 A.2d 545 cert. denied, 409 U.S. 851, 93 S.Ct. 62, 34 L.Ed.2d 94 (1972). This is because "[a] party who, unskilled in such matters, seeks to remedy some claimed wrong by invoking processes which are at best technical and complicated, is very ill advised and assumes a most difficult task." O'Connor v. Solomon, 103 Conn. 744, 745, 131 A. 736 (1926).
The plaintiff's unfamiliarity with the process is underscored in her comments to this court when she confessed her surprise that the defendant's attorney was not representing her.[1] This court is not surprised that her advocacy skills do not compare to those of her opponent; yet her message has been clear.
This case does not present the issue of credibility of the witnesses. The Board made its decision based not on her testimony, but rather on the CT Page 16177 absence of it. The plaintiff did not get the chance to fairly argue the issue of notice as the Board has summarily rejected her claim. Certainly one of the cornerstones of both our administrative and judicial systems is the due process right to be heard. "Due process is flexible and calls for such procedural protection as the particular situation demands."Morrissey v. Brewer, 408 U.S. 471, 481, 92 S.Ct. 2593, 33 L. Ed 2d 484
(1971). In discussing the issue of receipt of notice (as well as the statutory time period in which to appeal) our Supreme Court has stated:
 To bar an appeal by a party who, through no fault of his own, has not received notice of the commissioner's adverse decision, would be inconsistent with the right to appellate review expressly granted to an aggrieved party under § 31-301 (a). It is one thing to conclude that an aggrieved party has forfeited the right to such review by failing to take appropriate steps to perfect that right; it is another matter entirely, however, to deprive a party of the right to appeal solely because of a failure of notice for which that party bears no responsibility.
 The defendants contend that the construction of § 31-301 (a) urged by the plaintiff will further tax our already burdened workers' compensation system. Allowing an aggrieved party the opportunity to rebut the presumption of timely notice, the defendants maintain, is bound to spawn time-consuming litigation concerning when the aggrieved party actually received notice of the commissioner's decision, and whether that party bears any responsibility for the late notice. We are not persuaded by the defendants' argument. It will be the rare case in which notice sent to the parties by the commissioner via certified mail fails to arrive at an aggrieved party's address within ten days of the date that it was sent. In light of the significant interests at stake, our workers' compensation system must be prepared to bear whatever slight burden may result from the need to resolve the unusual case in which a claim of lack of notice is raised. (Footnotes omitted).
Kudlacz v. Lindberg Heat Treating Co., 250 Conn. 581, 589-590, 738 A.2d 135
(1999).
It is not too much to ask the Board to allow the plaintiff to be fully heard on the issue of notice. Accordingly, this matter is remanded to the CT Page 16178 Board for a hearing on her claim that she did not receive notice.
Berger, J.