## PASQUALE RAFFONE *v.* INDUSTRIAL ACCEPTANCE CORPORATION ET AL.
## (AC 30561)

Gruendel, Lavine and Mihalakos, Js.

Argued October 28, 2009—officially released, February 9, 2010

*Pasquale Raffone*, pro se, the appellant (plaintiff).

*Michael E. Healey*, for the appellee (named defendant).

*Opinion*

GRUENDEL, J. This case is about a red Ford F-350. The pro se plaintiff, Pasquale Raffone, appeals from the judgment of the trial court in favor of the defendant

Industrial Acceptance Corporation.[1] He raises a bevy of claims challenging the factual findings, evidentiary rulings and credibility determinations of the court, none of which merit discussion. He further claims that the court improperly precluded him from exceeding the scope of his pleadings at trial and failed to enforce certain subpoenas he issued. We affirm the judgment of the trial court.

This litigation centers on a dispute between the plaintiff and the defendant finance company over the alleged repossession of a Ford F-350 truck (vehicle). The plaintiff's handwritten complaint dated March 23, 2007, was in narrative form and did not specify any particular cause of action. That complaint alleged in relevant part: "On or about [January 3, 2007, the vehicle] was found to be missing . . . . I . . . contacted my sister . . . and asked her to call the East Haven police department [department] [to] report my vehicle stolen or missing. As I was and still am incarcerated. . . . Upon contacting the [department], we were informed [that] they impounded my vehicle. A person or persons were in possession of my vehicle and were pulled over and apprehended for alleged drug possession. . . . I then had a friend of mine make contact with the [department] to find out what he had to do in order to retrieve my vehicle from the police impound. He was told that my vehicle had been released to [the defendant]. This was done without inquiry or notification to myself or my sister . . . nor [with my] permission . . . . I [have] since come to find out that [the defendant] was attempting to recover my vehicle simultaneously with my incarceration.

---

[1] The plaintiff's complaint also named the East Haven police department as a defendant. The East Haven police department moved to dismiss the action against it for lack of subject matter jurisdiction, which motion the court granted. Because the East Haven police department is not a party to this appeal, we refer to Industrial Acceptance Corporation as the defendant.

"I refinanced the amount of [$5000] with [the defendant] in [November, 2006]. The balance of my initial loan was paid off and that account was closed out. I received the balance from the new loan in the form of a check for [$2000]. My [first] payment wasn't due until [December 12, 2006] and [the defendant] recovered my vehicle around [January 14, 2007]. My loan was not in default. My [Florida] registration had expired [on December 31, 2006] but my Connecticut registration was still active. I had also acquired a different [and] new policy from Geico insurance.

"This vehicle was purchased in the amount of [$12,900]. I put a cash deposit down in the amount of [$8000]. Also I had additional [moneys] into this [vehicle, i.e.] TracRac ladder system—[$700], sprayed on bed liner—[$500], aluminum tool box—[$250]. So with the equity and incentives I'm claiming a total of [$9450]. Also my personal property or tools in the amount of [$2000] has not been returned or recovered to date via [the department]. I will be asking for a total claim in the amount of [$11,450]."

In its answer, the defendant stated that it "has no knowledge and leaves the [p]laintiff to his burden of proof." The defendant subsequently filed a disclosure of defense, which stated: "The plaintiff defaulted in his initial payment. That plaintiff made no subsequent payments, the dealer was notified of the default and satisfied the amount due in full."

Prior to trial, the plaintiff filed a "motion for offer of judgment by plaintiff" that presented the defendant with two options. First, the plaintiff requested that the defendant reimburse him $8000. Alternatively, the plaintiff offered to "[forgo] any further action against the defendant . . . if the defendant is in agreement to guarantee a small business loan in the amount of $20,000 upon the plaintiff's release from confinement in approximately

[sixteen] to [eighteen] months. The terms will be as follows: [1] [$14,000] to be set aside for the sole purchase of a comparable vehicle, [the defendant] to retain title until such time [as] the loan is satisfied; [2] [$3000] in the form of a check made payable to the plaintiff for the purpose of business re-start, tools etc.; [and] [3] [$3000] in the form of a check made payable to the plaintiff, if agreement is accepted as specified, at time of notification . . . ." The defendant declined that offer. The plaintiff thereafter filed an "offer of compromise" in which he offered "to settle this matter for the total sum of $11,300 and upon payment agrees to dismiss the complaint against the defendant." The defendant again declined, and the matter proceeded to trial on September 19, 2008.

The plaintiff's case at trial consisted solely of his testimony.[2] He alleged that the defendant improperly repossessed the vehicle without providing him notice. The defense consisted of testimony from the plaintiff

---

[2] In electing to proceed pro se, the plaintiff was "bound by the same rules of evidence and procedure as those qualified to practice law." *Cersosimo* v. *Cersosimo*, 188 Conn. 385, 394, 449 A.2d 1026 (1982). Although certain exhibits were marked for identification by the plaintiff, they were not introduced as full exhibits and, hence, were not properly before the finder of fact. See, e.g., *Barry* v. *Quality Steel Products, Inc.*, 280 Conn. 1, 19–20, 905 A.2d 55 (2006). When the plaintiff first presented those materials, the defendant objected. In accordance with the maxim that "[a]lthough we allow pro se litigants some latitude, the right of self-representation provides no attendant license not to comply with relevant rules of procedural and substantive law"; (internal quotation marks omitted.) *Rivnak* v. *Rivnak*, 99 Conn. App. 326, 332 n.4, 913 A.2d 1096 (2007); the court informed the plaintiff of the distinction between an exhibit marked for identification and a full exhibit. In response to the defendant's objection, the court stated that the plaintiff's exhibits "will be marked for identification only at this time." The plaintiff thereafter made no effort to admit them as full exhibits. His failure to do so precludes any complaint on appeal as to the court's refusal to consider those materials and demonstrates that a pro se "party who, unskilled in such matters, seeks to remedy some claimed wrong by invoking processes which are at best technical and complicated, is very ill advised and assumes a most difficult task." *O'Connor* v. *Solomon*, 103 Conn. 744, 745, 131 A. 736 (1926).

and Dolores Caroche, the credit manager for the defendant, as well as four documents admitted without objection as full exhibits. In his testimony, the plaintiff conceded that he had failed to make any payments to the defendant on the refinanced loan. In addition, Caroche testified that the defendant had a relationship with Auto Sales, Inc., the dealership from which the plaintiff purchased the vehicle, providing that the dealership would hold the defendant "harmless and take recourse and assignment back on obligations that go bad." Caroche further testified that the defendant routinely exercised that recourse "with any dealer on a first payment default." Caroche averred that the defendant played no role in repossessing the vehicle. Rather, she explained that the defendant had exercised its right of recourse and assigned its interest in the vehicle to Auto Sales, Inc., which, in turn, paid the defendant the remaining balance on the plaintiff's loan.[3]

In its September 29, 2008 memorandum of decision, the court found in favor of the defendant. It stated: "The plaintiff brought this action against [the defendant]. The gravamen of his complaint was that the defendant was responsible for the loss of his truck, which was repossessed and allegedly sold while he was incarcerated. . . . The plaintiff had financed [the vehicle] with the defendant. He refinanced the vehicle with the defendant on November 17, 2006. On November 6, 2006, the plaintiff sent the defendant a check for $642.09, but the check was written on a closed account and was not credited to his account with the defendant. On December 29, 2006, the plaintiff was arrested and incarcerated and has been incarcerated since that time. On January 10, 2007, the East Haven police arrested the operator of the plaintiff's truck and the truck was impounded.

---

[3] At trial, the plaintiff informed the court that Auto Sales, Inc., no longer was in business.

The . . . department contacted the defendant as lien holder of record, and the defendant arranged to have the truck towed from the police lot. No evidence was presented as to what happened to the truck after it was released from the police. . . .

"The plaintiff did not present a clear argument as to the legal basis of his claim. The court, as trier of fact in this matter, reviewed chapter 669, part XI of the Connecticut General Statutes, which covers retail installment sales financing. Evidence was presented that the . . . department contacted the defendant as the lien holder of record. The title to the truck was, at least, as official records indicated, in the possession of the defendant. General Statutes § 36a-785 provides the authority to the holder of the contract to retake possession. Since the only attempt at payment was a check on a closed account, the authority of statutory law is with the defendant. Judgment may enter in favor of the defendant." From that judgment, the plaintiff appeals.

We begin by noting that the court's determination that "[n]o evidence was presented as to what happened to the [vehicle] after it was released from the police" finds support in the record before us. Caroche testified that the defendant "played no role in repossessing the vehicle" and further gave no "directive to any towing facility to go get the vehicle." The court, as the sole arbiter of credibility; see *Somers* v. *Chan*, 110 Conn. App. 511, 530, 955 A.2d 667 (2008); was free to credit that testimony.

We next briefly address the plaintiff's contention that the court improperly failed to enforce certain subpoenas issued by the plaintiff. At no time during trial did the plaintiff articulate such a request. His failure to do so is fatal to his claim on appeal. As this court has observed in addressing a plaintiff's failure to make such

a request, "[e]nforcement of a subpoena is not self-executing in the event that a subpoenaed party fails or refuses to comply. We cannot ascribe impropriety to a court's failure to order compliance when those seeking enforcement never notified the court of noncompliance nor asked for compliance." *Cutler* v. *Greenberg,* 60 Conn. App. 752, 754–55, 761 A.2d 237 (2000), cert. denied sub nom. *Cutler* v. *Estate of Agostinelli,* 255 Conn. 943, 769 A.2d 58, cert. denied, 534 U.S. 1056, 122 S. Ct. 648, 151 L. Ed. 2d 565 (2001).

Last, we consider the plaintiff's claim that the court improperly precluded him from presenting evidence and claims exceeding the scope of his pleadings. At trial, the plaintiff alleged that the terms of his refinance loan with the defendant contained "a charge of greater than legal interest." The plaintiff further claimed that the defendant's alleged conduct in repossessing his vehicle violated certain provisions of the General Statutes. Because the plaintiff failed to raise those allegations in his pleadings, the defendant immediately objected.

"The principle that a plaintiff may rely only upon what he has alleged is basic. . . . It is fundamental in our law that the right of a plaintiff to recover is limited to the allegations of his complaint." (Citations omitted; internal quotation marks omitted.) *Matthews* v. *F.M.C. Corp.,* 190 Conn. 700, 705, 462 A.2d 376 (1983). On our plenary review of the pleadings in the present case, we concur with the court's assessment that the plaintiff at trial sought to exceed the allegations contained therein. The court properly sustained the defendant's objections on that ground.

The judgment is affirmed.

In this opinion the other judges concurred.