NATIONAL BOND & INVESTMENT COMPANY *vs.* HARRY G. FLAIGER.

Middlesex.   February 2, 1948. — February 26, 1948.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & WILLIAMS, JJ.

*Contract,* Validity.   *Public Policy.   Limitations, Statute of.   Bills and Notes,* Validity.

A provision of a promissory note, "All the parties to this note . . . hereby severally waive . . . diligence in bringing suit against any party hereto," violated the public policy of the statute of limitations and was invalid.

CONTRACT. Writ in the District Court of Lowell dated September 16, 1946.

The action was heard by *Walsh,* J.

*E. H. J. Wilson,* for the plaintiff.

*W. W. Allgrove,* (*C. F. Kiernan* with him,) for the defendant.

LUMMUS, J. This is an action of contract brought by an indorsee upon a promissory note which was not signed in the presence of an attesting witness. The defendant bought an automobile from the original payee, W. H. White Motor Company, upon a contract of conditional sale, and on November 17, 1939, gave it his note for $235.68, payable in instalments to its order. By the terms of the note, if any instalment should not be paid when due, all instalments were immediately to become due at the option of the holder.

On January 17, 1940, upon default in the payment of one instalment, the plaintiff elected to have the whole note become payable. The plaintiff sold the automobile, in accordance with the contract of conditional sale, and the proceeds, $60, were applied in reduction of the note. The judge found that on January 17, 1940, the balance due on the note, including interest and expense of collection, amounted to $260.98. This action was begun on September 16, 1946, more than six years after the whole note had become due and payable and after the application to the payment of the note of the proceeds of the sale of the automobile under the contract of conditional sale. If there were nothing more to the case, the action would be barred by the statute of limitations, which was set up in defence. G. L. (Ter. Ed.) c. 260, § 2, First. The judge found for the defendant, and the Appellate Division dismissed a report. The appeal of the plaintiff brings the case here.

The only question argued is one of the statute of limitations. The promissory note upon which the action is brought contains the following provision: "All the parties to this note . . . hereby severally waive . . . diligence in bringing suit against any party hereto . . .." We assume in favor of the plaintiff that this provision was intended to prevent the setting up of the defence of the statute of limitations in an action upon the note. The case is not one of a written acknowledgment or new promise under G. L. (Ter. Ed.) c. 260, § 13, nor one of a part payment under G. L. (Ter. Ed.) c. 260, § 14, from which a new promise may be inferred. *Gillingham* v. *Brown,* 178 Mass. 417. In the present case the agreement not to set up the statute of limitations was contained in the original obligation. The question is whether such an agreement, contained in the original obligation, is binding upon the debtor, and keeps the obligation alive no matter how long the creditor delays bringing an action.

In other jurisdictions there is much conflict in the decisions. The precise question seems never to have been decided in this Commonwealth. The plaintiff cites *Webber* v. *Williams College,* 23 Pick. 302. But that was not a case of

a waiver or agreement contained in the original obligation. That case was explained in *Blanchard* v. *Blanchard*, 122 Mass. 558, 563, as follows: "In *Webber* v. *Williams College*, 23 Pick. 302, the defendant, before the expiration of the six years, proposed in writing, in answer to a demand for payment of a note, that if the plaintiff would forbear to bring an action at that time, he should have the same rights for one year more than he then had.  The court said that this was a waiver of the statute.  But we think it plain that this was merely another form of saying that it was a sufficient acknowledgment within the statute."  In *Kellogg* v. *Dickinson*, 147 Mass. 432, a promissory note was given in 1847, payable in 1848.  In 1853 the maker indorsed on the note a payment of $10 and his agreement that he would not take advantage of the statute of limitations.  The action was begun against the estate of the maker in 1887.  It was held that the indorsement did not remove the bar of the statute of limitations, first because there was no consideration for the indorsement, and next because if the indorsement were construed as a new promise it would extend the time for action only for six years after the indorsement and no longer.  The court said (page 436) that if the indorsement were "construed to cover an indefinitely long time in the future, it would be extraordinary, and contrary to the policy of the law."  In *Alpert* v. *Radner*, 293 Mass. 109, there was no express waiver of the statute of limitations and no agreement not to set it up.  The case involved the witnessing of a promissory note and a warranty that it was witnessed.  The court expressed no opinion upon the present question, although it did say, citing a Vermont case, that "it has been held that he [the debtor] may, as a term of his original contract, agree not to avail himself of the statute" (pages 111–112).

The decision in *Federal National Bank* v. *Koppel*, 253 Mass. 157, though arising under the bankruptcy act, is germane to the present question.  In that case a promissory note contained this clause: "waiving all benefits of whatever kind or nature that any laws give or intend to give for the advantage or protection of the maker hereof."  Later the

maker was adjudicated a bankrupt, and he scheduled the note as a debt. The payee did not prove the note and received no dividend. The maker received a discharge in bankruptcy. Later the payee sued the maker on the note. The court stated the question thus: "The question to be decided is whether a waiver of a discharge in bankruptcy made as a part of the promise on which the debt is founded is binding on the promisor after adjudication and discharge" (page 158). In deciding that the maker was not liable, notwithstanding the attempted waiver, Rugg, C.J., said (page 159), "It would be repugnant to the purpose of the bankruptcy act to permit the circumvention of its object by the simple device of a clause in the agreement, out of which the provable debt springs, stipulating that a discharge in bankruptcy will not be pleaded by the debtor. The bankruptcy act would in the natural course of business be nullified in the vast majority of debts arising out of contracts, if this were permissible."

In *Gillingham* v. *Brown*, 178 Mass. 417, 421, Hammond, J., said, "In this country, it has very generally been held that the statute of limitations is a wise and beneficial law, not designed merely to raise a presumption of payment of a just debt from lapse of time, but to afford security against stale demands after the true state of things may have been forgotten, or may be incapable of explanation by reason of the loss of evidence." Similar observations by Story, J., are found in *Bell* v. *Morrison*, 1 Pet. 351, 360. Language tending in the opposite direction was used in a quotation from a New Jersey case in *McLearn* v. *Hill*, 276 Mass. 519, 525, but it was unnecessary to the decision, and is not to be considered as militating against the opinion in *Gillingham* v. *Brown, supra*, which was not cited.

In Williston, Contracts (Rev. ed. 1936) § 183, upon consideration of the authorities in many jurisdictions, it is laid down as the "better view," and the rule of a majority of jurisdictions, that an agreement contained in the original obligation never to set up the statute of limitations violates the public policy of the statute, and is invalid. We think that that rule represents the law of this Commonwealth, just

as it does that of New York and many other States. *Shapley* v. *Abbott,* 42 N. Y. 443. *Pine* v. *Okoniewski,* 256 App. Div. (N. Y.) 519, 520.

*Order dismissing report affirmed.*