**R. W. HIRTLER, Plaintiff and Appellant,**

**v.**

**Jack HIRTLER, Defendant and Respondent.**

**No. 14916.**

Supreme Court of Utah.

June 27, 1977.

Michael D. Hughes of Allen, Thompson, Hughes & Behle, St. George, for plaintiff and appellant.

Jack Hirtler pro se.

MAUGHAN, Justice:

Before us is the validity of the lower court's action in granting a motion to dismiss. Plaintiff sued on a promissory note executed by defendant September 14, 1966. The action was filed August 10, 1976.

The note was payable on demand. Plaintiff alleged no payment although demand had been made. Defendant pleaded the statute of limitations, Sec. 78–12–23(2), U.C.A.1953, which provides a six year limitation on an action upon a contract such as the one under consideration. Contained in the note was the following provision:

> . . . The right to plead any and all statutes of limitations as a defense to this note, or any guarantee thereof, or to any agreement to pay the same, is expressly waived by makers, endorsers, guarantors, and sureties.

The lower court dismissed the action and plaintiff appeals. We affirm. Costs to defendant.

■ This matter is one of first impression in this jurisdiction. The sole issue is whether a waiver of the statute of limitations contained in a promissory note is enforceable; or is the note void because contrary to public policy.

Although there is a conflict of authority, the majority of jurisdictions hold an agreement contained in an original obligation never to assert the statute of limitations violates the public policy of the statute and is invalid. Statutes of limitations are not designed exclusively for the benefit of individuals but are also for the public good. These statutes of repose are intended to prevent the revival and enforcement of stale demands; against which it may be difficult to defend, because of lapse of time, fading of memory, and possible loss of documents.[1] If effect were given to a waiver of the statute of limitations contained in a contract, such a stipulation would be inserted in every promissory note and similar instrument as a matter of routine. The

---

1. 1 Williston On Contracts, (3rd Ed.) § 183, pp. 707–710; 1A Corbin On Contracts, § 218, pp. 306–308; Restatement, Contracts, § 558; 1 A.L.R.2d 1445, Anno.: Validity of contractual waiver of statute of limitations, § 5, pp. 1450–1452.

door would be open to the very abuses the statute was designed to prevent, and the result would be an annihilation of the statute.[2]

An agreement contained in an original obligation not to set up the statute of limitations has been deemed analogous to a promise by a debtor in an obligation to waive a discharge in bankruptcy. Such an agreement would be repugnant to the purpose of the Bankruptcy Act and would permit circumvention of its objective. If such an agreement were permissible, in the natural course of business, the Bankruptcy Act would be nullified by the inclusion of such a waiver in the majority of debts arising out of contracts. A statute of limitations is a wise and beneficial law; its purpose is to afford security against stale demands.[3]

Under the minority rule, a waiver of the statute of limitations embodied in the original contract is enforced under the theory that the plea of the statute is purely a personal defense, which may be waived, and that no public interest is involved.[4] In comparison to the reasoning supporting the majority rule, the minority rule appears superficial and unsound. In fact, Corbin suggests that the cases supporting the minority rule should be disregarded.[5]

█ We hold that a stipulation contained in a written instrument, waiving the defense of the statute of limitations permanently, as to any breach of contract that might occur in the future, is void and unenforceable as contrary to public policy.[6]

ELLETT, C. J., and CROCKETT, WILKINS and HALL, JJ., concur.

---

2. *Munter v. Lankford* (U.S.D.C.D.C.1955), 127 F.Supp. 630.

3. *National Bond and Investment Company v. Flaiger*, 322 Mass. 431, 77 N.E.2d 772, 1 A.L. R.2d 1442 (1948).

4. See *Brownrigg v. DeFrees*, 196 Cal. 534, 238 P. 714 (1925); *United States v. American Gas Screw Franz Joseph* (U.S.D.C.D. Alaska at Anchorage 1962) 210 F.Supp. 581.

---

5. 1A Corbin On Contracts, § 218, pp. 306–307.

6. See *Fireman's Fund Insurance Company v. Sand Lake Lounge, Inc.*, Alaska, 514 P.2d 223 (1973); *Ross v. Ross*, 96 Ariz. 249, 393 P.2d 933 (1964); *Alliance First National Bank v. Spies*, 158 Ohio St. 499, 110 N.E.2d 483 (1953); *Squyres v. Christian*, Tex.Civ.App., 253 S.W.2d 470 (1952).