## MARILYN M. HAGGERTY *v.* LYNN C. WILLIAMS
## (AC 24710)

West, McLachlan and Hennessy, Js.

Argued March 25—officially released August 24, 2004

*Lynn C. Williams*, pro se, the appellant (defendant).

*Gerald L. Garlick*, for the appellee (plaintiff).

### Opinion

WEST, J. The defendant, Lynn C. Williams, appeals from the judgment of the trial court, rendered subsequent to the granting of the motion for summary judgment filed by the plaintiff, Marilyn M. Haggerty. We disagree with each of the claims raised on appeal by the defendant and, accordingly, affirm the judgment of the trial court.

The following facts are relevant to the issues on appeal. On February 15, 1985, the plaintiff executed a mortgage note in favor of the defendant, a legal secretary, to secure payment for legal services from the defendant's employer. By its terms, the note was payable on demand, and the defendant was free to "delay enforcing her rights . . . without losing them." To secure the note, the plaintiff executed a real estate mortgage in favor of the defendant on properties

located in East Haven and Hamden. The attorney, whose fee was secured by the note, was discharged some time before the completion of the legal matter. The defendant had not made a demand for payment on the note, and the plaintiff had not made a payment, as of November 14, 2001, when the plaintiff initiated this action.

Pursuant to her four count action, the plaintiff sought, inter alia, a release of the mortgage held by the defendant. On April 3, 2002, the plaintiff filed an amended motion for summary judgment as to counts one and two of her complaint. In her motion she argued, inter alia, that she was entitled to summary judgment because the defendant was precluded from bringing an action to enforce the note pursuant to the statutes of limitation found in General Statutes §§ 52-576[1] and 42a-3-118 (b).[2] The defendant argued, in opposition to the plaintiff's motion, that the plaintiff had waived her right to rely on either statute. The court, *Hon. Anthony V. DeMayo*, judge trial referee, granted the plaintiff's motion for summary judgment as to counts one and two on April 15, 2002. Thereafter, the defendant filed motions for articulation, to correct and to open and to modify the judgment. All three motions were denied. The defendant filed an appeal with this court, which we dismissed on July 10, 2002, for lack of a final judgment.

On April 30, 2002, the plaintiff filed a motion for judgment as to counts one and two of her complaint. The court, *Hon. Donald W. Celotto*, judge trial referee, rendered judgment in favor of the plaintiff as to counts

[1] General Statutes § 52-576 (a) provides in relevant part: "No action . . . on any contract in writing, shall be brought but within six years after the right of action accrues . . . ."

[2] General Statutes § 42a-3-118 (b) provides in relevant part: "If no demand for payment is made to the maker, an action to enforce the note is barred if neither principal nor interest on the note has been paid for a continuous period of ten years."

one and two on August 5, 2002, and ordered the release of the mortgage. The defendant again filed motions to articulate, to correct and to open and to modify the judgment, which were again denied. The defendant again filed an appeal with this court, which we dismissed on September 17, 2003, for lack of a final judgment because the rendering of judgment on the first two counts of the complaint did not dispose of all causes of action asserted against the defendant. On September 26, 2003, the plaintiff withdrew counts three and four of her complaint. On October 10, 2003, the defendant, acting pro se, again appealed to this court.

As a prelude to our discussion of the defendant's claims, we set forth the applicable standard of review. "Pursuant to Practice Book § 17-49, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Such questions of law are subject to plenary appellate review." (Internal quotation marks omitted.) *Alexandru* v. *West Hartford Obstetrics & Gynecology, P.C.*, 78 Conn. App. 521, 524, 827 A.2d 776, cert. denied, 266 Conn. 912, 832 A.2d 68 (2003).

I

The defendant first claims that Judge DeMayo improperly granted the plaintiff's motion for summary judgment as to counts one and two of the complaint. The defendant argues that because the mortgage note signed by the plaintiff contained a "delay in enforcement" clause, the defendant was able to enforce her rights under the note at any time and, therefore, the running of the statutes of limitation was irrelevant. We disagree.

Summary judgment may be granted where the claim is barred by the statute of limitations; *Navin* v. *Essex*

*Savings Bank*, 82 Conn. App. 255, 258, 843 A.2d 679 (2004); as long as there are no material facts concerning the statute of limitations in dispute. See *Burns* v. *Hartford Hospital*, 192 Conn. 451, 452, 472 A.2d 1257 (1984). The pertinent question in this case, namely, whether the open-ended delay in enforcement clause constituted an enforceable waiver of the statute of limitations, is strictly an issue of law.

The delay in enforcement clause contained in the mortgage note provides: "DELAY IN ENFORCEMENT. [The defendant] can delay enforcing her rights under this note without losing them. If [the plaintiff] default[s] in complying with any of the terms of this loan and it is not declared immediately due and payable, this does not mean [that the defendant] cannot do so in the future if [the plaintiff] default[s] again." We must now determine whether the language permitting the defendant to "delay enforcing her rights under this note without losing them" constituted a valid waiver of the statute of limitations.

The issue before us is one of first impression in this jurisdiction. The courts of this state have yet to adopt a position as to the validity of a waiver of the statute of limitations made at the inception of a contract. In making that determination, we consider the two schools of thought on the issue, as well as the public policy considerations underlying statutes of limitation generally in this state.

"The purpose of the statute of limitations is well settled in our law. There are two principal reasons generally given for the enactment of a statute of repose: (1) it reflects a policy of law, as declared by the legislature, that after a given length of time a [defendant] should be sheltered from liability and furthers the public policy of allowing people, after the lapse of a reasonable time, to plan their affairs with a degree of certainty, free

from the disruptive burden of protracted and unknown potential liability . . . and (2) to avoid the difficulty in proof and record keeping which suits involving older [claims] impose. . . . [T]he policy of statutes of limitation includes promoting repose by giving security and stability to human affairs. . . . [W]e will not deprive . . . defendants of the finality, repose and avoidance of stale claims and stale evidence for which the statute of limitations was designed." (Citations omitted; internal quotation marks omitted.) *Beebe* v. *East Haddam*, 48 Conn. App. 60, 67, 708 A.2d 231 (1998).

Of the two schools of thought on the issue, we agree with the majority position that "a stipulation contained in a written instrument, waiving the defense of the statute of limitations permanently, as to any breach of contract that might occur in the future, is void and unenforceable as contrary to public policy." *Hirtler* v. *Hirtler*, 566 P.2d 1231, 1231 (Utah 1977); accord *Munter* v. *Lankford*, 127 F. Sup. 630, 633 (D.D.C. 1955), aff'd, 232 F.2d 373 (D.C. Cir. 1956); *First National Bank of Eastern Arkansas* v. *Arkansas Development Finance Authority*, 44 Ark. App. 143, 146, 870 S.W.2d 400 (1994); *First National Bank* v. *Mock*, 70 Colo. 517, 203 P. 272 (1921); *National Bond & Investment Co.* v. *Flaiger*, 322 Mass. 431, 433, 77 N.E.2d 772 (1948); cf. *Fireman's Fund Ins. Co.* v. *Sand Lake Lounge, Inc.*, 514 P.2d 223 (Alaska 1973) (noting general rule that waivers of statute of limitations made at time of contract are contrary to public policy); *Ross* v. *Ross*, 96 Ariz. 249, 252, 393 P.2d 933 (1964) (public policy cannot be wiped out by private attempt to repeal statutes of limitation in advance); *Commercial National Bank* v. *Tucker*, 123 Kan. 214, 215, 254 P. 1034 (1927) (statute of limitations cannot be modified or extended by agreement); *Citizens Bank of Shelbyville* v. *Hutchison*, 272 Ky. 195, 113 S.W.2d 1148 (Ky. App. 1938) (contract undertaking to fix longer period of limitation than that established by

statute is void); *Cobble* v. *Royal Neighbors of America,* 291 Mo. 125, 236 S.W. 306 (1921) (postponement of right to sue, carrying years beyond statute of limitations, null and void); *John J. Kassner & Co.* v. *New York,* 46 N.Y.2d 544, 389 N.E.2d 99, 415 N.Y.S.2d 785 (1979) (if agreement to waive or extend statute of limitations made at inception of liability it is unenforceable because party cannot make valid promise in advance that statute founded in public policy shall be inoperative); *Alliance First National Bank* v. *Spies,* 158 Ohio St. 499, 501, 110 N.E.2d 483 (1953) (noting that generally such agreement is void against public policy and unenforceable); *Squyres* v. *Christian,* 253 S.W.2d 470 (Tex. Civ. App. 1952) (any agreement in advance to waive statute of limitation on note is void as against public policy); 51 Am. Jur. 2d 686, Limitation of Actions § 377 (2000). We share the majority's opinion that "[a]lthough the Statute of Limitations is generally viewed as a personal defense to afford protection to defendants against defending stale claims, it also expresses a societal interest or public policy of giving repose to human affairs. Because of the combined private and public interests involved, individual parties are not entirely free to waive . . . the statutory defense." (Citations omitted; internal quotation marks omitted.) *John J. Kassner & Co.* v. *New York,* supra, 550. We disagree with the minority's view that a party can waive the statute of limitations at the inception of the original contract and that such a waiver does not contravene public policy. See, e.g., *Parchen* v. *Chessman,* 49 Mont. 326, 142 P. 631 (1914).

The problems we see with this type of waiver, made at the inception of the contract, are twofold. First, we fear that if we were to uphold the validity of such waivers in the original contract, "such a stipulation would be inserted in every promissory note and similar instrument as a matter of routine. The door would be open to the very abuses the statute was designed to

prevent, and the result would be an annihilation of the statute." *Hirtler* v. *Hirtler*, supra, 566 P.2d 1231–32. In addition, we are concerned that "at that stage there is a greater likelihood that a waiver or extension of the defense, as part of the initial contract or obligation, was the result of ignorance, improvidence, an unequal bargaining position or was simply unintended." *John J. Kassner & Co.* v. *New York*, supra, 46 N.Y.2d 551.

On the basis of our adoption of the majority rule, we conclude that the delay in enforcement clause contained in the mortgage note in this case is void and unenforceable. The court, therefore, properly rendered summary judgment in favor of the plaintiff on the basis of the expiration of the statutes of limitation.[3]

## II

The defendant next claims that it was improper for Judge Celotto to render judgment. The defendant argues in her brief that Judge DeMayo, rather than Judge Celotto, should have ruled on the plaintiff's motion for judgment because Judge Celotto "had no idea what the case was actually about" and "hastily *assumed* that [Judge DeMayo's] summary judgment ruling was correct . . . ." (Emphasis in original.) She further argues that it was Judge DeMayo's duty to rule on the plaintiff's motion for judgment because it pertained to the motion for summary judgment that he previously had granted. We disagree.

---

[3] Of the jurisdictions sharing the majority view, some have taken the rule one step further. While holding that a waiver of the statute of limitations made at the inception of the contract is invalid, some have held that a waiver made at some time *after* the making of the original contract is valid if it is specific and for a reasonable time. See, e.g., *American Alloy Steel, Inc.* v. *Armco, Inc.*, 777 S.W.2d 173 (Tex. App. 1989) (general agreement in advance to waive statute of limitations void, but any agreement made before statutory bar has fallen is valid if specific and for reasonable time); see 51 Am. Jur. 2d 688, supra, § 379. We need not determine at this time our position on that issue, as the waiver in this case occurred at the inception of the contract.

There is no rule in Connecticut that requires the same judge who grants a motion for summary judgment also to render judgment on the case. "Where a matter has previously been ruled upon interlocutorily, the court in a subsequent proceeding in the case may treat that decision as the law of the case, if it is of the opinion that the issue was correctly decided, in the absence of some new or overriding circumstance." (Internal quotation marks omitted.) *Webster Bank* v. *Zak*, 71 Conn. App. 550, 560, 802 A.2d 916, cert. denied, 261 Conn. 938, 808 A.2d 1135 (2002).[4] Judge Celotto was entirely within his discretion to grant the motion for judgment on the basis of Judge DeMayo's prior entry of summary judgment as to counts one and two of the complaint. Accordingly, that claim is without merit.

## III

The defendant next claims that Judge DeMayo improperly denied her motions for articulation. Specifically, the defendant argues that Judge DeMayo improperly denied (1) her motion seeking articulation of the factual and legal bases on which he granted the plaintiff's motion for summary judgment as to counts one and two of the complaint, and (2) her motion, directed at Judge Celotto, seeking articulation of the factual and legal bases on which Judge Celotto granted the plaintiff's motion for judgment. The defendant's claim is not reviewable on appeal.

Practice Book § 66-5 provides in relevant part: "The sole remedy of any party desiring the court having appellate jurisdiction to review the trial court's decision on the motion [for articulation] filed pursuant to this section . . . shall be by motion for review under Section 66-7. . . ." Here, the defendant failed to seek

---

[4] "The law of the case doctrine applies . . . to subsequent proceedings in the same case." (Internal quotation marks omitted.) *Webster Bank* v. *Zak*, supra, 71 Conn. App. 560 n.7.

review of the court's denial of her motions for articulation. Because she failed to pursue the sole remedy available to her, that portion of her appeal will not be considered by this court. See *State* v. *Pieger*, 42 Conn. App. 460, 467, 680 A.2d 1001 (1996), aff'd, 240 Conn. 639, 692 A.2d 1273 (1997).

IV

The defendant next claims that it was improper for Judge DeMayo to deny her motions to open and to modify the judgment, for extension of time and to correct without holding a hearing. That claim is inadequately briefed and, accordingly, we will not afford it review.

In the defendant's brief, that claim is listed in the statement of issues and in a heading, but thereafter receives no analysis. The defendant's discussion of that claim merely consists of a direction to this court to "see court clerk's comments on page twenty hereafter in this brief."

Although we are solicitous of the fact that the defendant is a pro se litigant, "the statutes and rules of practice cannot be ignored completely." (Internal quotation marks omitted.) *Bennings* v. *Dept. of Correction*, 59 Conn. App. 83, 84, 756 A.2d 289 (2000). "We are not required to review issues that have been improperly presented to this court through an inadequate brief. . . . Analysis, rather than abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly." (Internal quotation marks omitted.) *In re Haley B.*, 81 Conn. App. 62, 67–68, 838 A.2d 1006 (2004). "Where a claim is asserted in the statement of issues but thereafter receives only cursory attention in the brief without substantive discussion or citation of authorities, it is deemed to be abandoned." (Internal quotation marks omitted.) *Cummings* v. *Twin Tool Mfg. Co.*, 40 Conn. App. 36, 45, 668 A.2d 1346 (1996).

## V

The defendant next claims that it was improper for Judge DeMayo and Judge Celotto to deprive her of oral argument on her motions to open and to modify in light of the judicial district of New Haven's "local rule" requiring oral argument on motions to open a judgment.[5] Specifically, the defendant claims that it was improper (1) for Judge DeMayo to rule on her motion to open, filed subsequent to his granting of the motion for summary judgment as to counts one and two of the plaintiff's complaint, without affording her oral argument, and (2) for Judge Celotto to deprive her of oral argument in his court on her motion to open and to modify filed subsequent to his rendering judgment. That claim is without merit.

The defendant's first argument fails because her initial motion to open was filed before there was a final judgment in the case. It would be illogical to conclude that Judge DeMayo was required to grant oral argument on a motion to *open a judgment* when no judgment had been rendered.

The defendant's second argument fails because the defendant did in fact present oral argument to the court on her succeeding motion to open. Although the defendant argues that she should have been able to argue before Judge Celotto instead of Judge DeMayo, there is no such rule in Connecticut. The defendant had her day in court to argue her motion to open and, accordingly, that claim must fail.

## VI

The defendant next claims that it was improper for Judge DeMayo to rule on the defendant's motion to

---

[5] The judicial district of New Haven requires that oral argument be afforded on all motions to open a judgment of foreclosure.

open the judgment and motion to correct because those motions were directed at Judge Celotto. We disagree.

The defendant attempts to assert a right that is unsupported by law. The defendant argues in her brief that "[c]learly, *Celotto, J.*, granted judgment ab initio. Therefore, it was his duty to rule upon *all* the defendant's postjudgment motions—*not* the duty of *DeMayo, J.*" (Emphasis in original.) The defendant provides no support for that purported duty, and we find none. The claim is without merit.

## VII

The defendant next claims that Judge DeMayo improperly denied her motion for permission to file a counterclaim. We disagree.

At the hearing before Judge DeMayo on the defendant's motion to open the judgment, the following colloquy, in relevant part, occurred between the defendant and the court:

"The Court: All right. Then, I think what you should do, Ms. Williams, and counsel has been very kind in suggesting to you without having to, what you should do. File your counterclaim . . . in the second part of the case to counts three and four and make—make a claim. And we'll have a trial someday, and you testify and she'll testify. . . .

"[The Defendant]: I'll file it—can I have—can I have permission from the court to file the counterclaim?

"The Court: I don't know [that] you need any permission from me. . . .

"[The Defendant]: Do I have the court's permission to file a counterclaim?

"The Court: No. No. I—I'm not going to give you free legal advice or determine whether you can or not."

As evidenced by that colloquy, the court did not deny the defendant's purported motion for permission to file a counterclaim. The court informed her that she did not need its permission and that it would not make a determination as to whether she could file one. The record simply does not support the defendant's contention that the court denied her request. The defendant's claim is without merit.

## VIII

Finally, the defendant claims that Judge DeMayo improperly engaged in ex parte communications with the plaintiff. That claim is not supported by the record.

The defendant argues that the following colloquy between the court and the plaintiff's counsel warrants the conclusion that an ex parte communication took place:

"The Court: Do I recall you wanted these releases to—so you can sell the property?

"[The Plaintiff's Counsel]: My client, yes, Your Honor."

It is the defendant's position that no conversation regarding the sale of the property ever took place in her presence and, therefore, it must have taken place ex parte. That brief colloquy is the only record that the defendant provides to this court in support of her position. She did not seek to have Judge DeMayo recuse himself, nor did she seek a new trial as a result of the alleged ex parte communication. She asks this court to conclude, on the basis of her representation, that no conversation regarding the sale of the property ever took place in her presence and that the conversation the court was referring to must have taken place ex parte. We decline to draw such an inference.

That issue was not raised before the trial court, and therefore the defendant should not be able to raise it on appeal. See *Cutler* v. *Greenberg*, 60 Conn. App. 752, 760–61, 761 A.2d 237 (2000), cert. denied, 255 Conn. 943, 769 A.2d 58, cert. denied, 534 U.S. 1056, 122 S. Ct. 648, 151 L. Ed. 2d 565 (2001). Notwithstanding that procedural defect, we will not find bias and misconduct on the part of the trial judge on the basis of this single, unsubstantiated reference to a possibly ex parte communication. This is not an adequate record to support the defendant's claim. See *Hill* v. *Hill*, 35 Conn. App. 160, 172, 644 A.2d 951, cert. denied, 231 Conn. 914, 648 A.2d 153, cert. denied, 513 U.S. 1059, 115 S. Ct. 669, 130 L. Ed. 2d 603 (1994). "It is the appellant's duty to furnish this court with a record that is adequate to afford review." *Narcisco* v. *Brown*, 63 Conn. App. 578, 581, 777 A.2d 728 (2001). Given the record present in this case, any decision by this court respecting this claim would be entirely speculative.

The judgment is affirmed.

In this opinion the other judges concurred.