## KIRTIDA ZATAKIA v. ECOAIR CORPORATION (AC 32146)

Lavine, Alvord and Peters, Js.

---

Argued March 10—officially released May 3, 2011

*William F. Gallagher*, with whom, on the brief, were *Hugh D. Hughes* and *Joshua H. Brown*, for the appellant (defendant).

*Patricia M. Rondon*, with whom were *Vandana Padinjaremarath*, and, on the brief, *Krishna Palagummi*, for the appellee (plaintiff).

ALVORD, J. The defendant, Ecoair Corporation, appeals from the judgment of the trial court, rendered after trial to the court, in favor of the plaintiff, Kirtida Zatakia, on her complaint to collect an unpaid balance of a debt evidenced by a promissory note. The defendant claims, inter alia, that the trial court improperly (1) considered a matter in avoidance of an affirmative allegation despite the plaintiff's failure to plead it in the reply to the defendant's special defenses pursuant to Practice Book § 10-57[1] and (2) concluded that the defendant acknowledged indebtedness sufficient to toll the applicable statutes of limitations.[2] We affirm the judgment of the trial court.

The following facts and procedural history are relevant to this appeal. The defendant is a Delaware corporation doing business in Connecticut. From 1992 through 1995, the defendant engaged in business with Globe Scott Motors Private Limited (Globe). On March 2, 1995, the defendant, acting through its executive vice president and secretary, William Lavelle, executed a promissory note to Globe in the amount of $125,000 in consideration for past due services (note). The note

---

[1] Practice Book § 10-57 provides in relevant part that a "[m]atter in avoidance of affirmative allegations in an answer or counterclaim shall be specially pleaded in the reply. . . ."

[2] In addition, the defendant claims that "[t]he record contains nothing to support the trial court's conclusion that [the defendant's auditors] sent the 2005 letter; the trial court did not find that the plaintiff ever received the October 2005 letter; even if the finding is implicit there was no evidence to support it." This claim, however, was not argued at trial. Practice Book § 60-5 provides in relevant part that this court "shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial. . . ." Additionally, this court previously has stated that it "will not consider issues which are brought to the court's attention for the first time by way of the appellant's brief." (Internal quotation marks omitted.) *Torrington* v. *Zoning Commission*, 63 Conn. App. 776, 780 n.1, 778 A.2d 1027 (2001), aff'd, 261 Conn. 759, 806 A.2d 1020 (2002). Accordingly, we decline to review this claim.

called for $125,000 to be paid on October 2, 1997, with monthly interest payments due at a rate of 10 percent per year.

On April 26, 2001, the plaintiff purchased the note from Globe for 25,000 Indian rupees. On August 28, 2001, the plaintiff made a demand on the defendant for payment of the note. The defendant, via letter signed by Peter S. Knudsen, Jr., the defendant's president, acknowledged the debt and the assignment of the note on September 26, 2001 (2001 letter), but made no payments.[3]

The plaintiff commenced this action during April, 2008. In the defendant's response to the complaint, it asserted a number of special defenses, including that the action was barred by the applicable statutes of limitations, General Statutes §§ 42a-3-118 and 52-576. The plaintiff filed a general denial of the special defenses.

On March 5, 2010, the case went to trial, at which time the plaintiff produced a letter printed on the defendant's letterhead, dated October 3, 2005, addressed to the plaintiff and signed by Knudsen (2005 letter). The 2005 letter was sent by T.M. Byxbee Company, P.C., the auditors of the defendant's financial records (auditors). It stated in relevant part: "Our auditors . . . are conducting an audit of our financial statements. Please confirm directly to them the following information relating to our note payable to you at September 30, 2005: Date of Note: March 2, 1995; Original amount of note: $125,000.00; Unpaid principal balance: $125,000.00; Maturity date: October 2, 1997; Interest rate: 10 [percent]; Date to which interest has been paid: April 28, 1996 . . . . Please indicate in the space provided below whether the above is in agreement with your

---

[3] The trial court found that the only payment that was ever made was $2000 during 1997.

records. If it is not, please furnish our auditors any information you may have that will help them reconcile the difference."

The court allowed the 2005 letter to be entered into evidence as an exhibit despite the defendant's objections that, inter alia: (1) the 2005 letter was not alleged in the complaint and the complaint was not amended to conform with the evidence presented at trial, (2) the defendant was unfairly surprised by the introduction of the 2005 letter for the first time during trial and (3) the 2005 letter was not properly introduced as a business record. The court found that the 2005 letter was "relevant to paragraph eight of the complaint, where the plaintiff made demand for payment of the note" and that it was an allowable business record. The court was not persuaded by the defendant's claim that the 2005 letter was improperly before the court because it was not alleged in the complaint, stating that "any exhibit put into evidence doesn't have to necessarily be alleged in the complaint."

Additionally, the court heard testimony from Knudsen, who (1) admitted to recognizing the 2005 letter, (2) acknowledged signing it, (3) described the defendant's custom of allowing the auditors to draft letters on the defendant's letterhead, over his signature, for the purpose of requesting information for the audit, (4) characterized the 2005 letter as a request to verify the amount and terms of the note and (5) explained that the auditors collected the information reflected in the audit letters by interviewing him and the defendant's bookkeeper and accountant. At the conclusion of the trial, the parties filed simultaneous posttrial briefs, at which point the defendant argued, inter alia, that the plaintiff could not claim that the defendant acknowledged the debt in the 2005 letter because she did not plead it as a matter in avoidance of the affirmative allegations in the defendant's special defenses. The plaintiff argued, inter alia,

that the defendant had failed to conduct any discovery during which she would have had the opportunity to make the defendant aware of the 2005 letter, and, therefore, the defendant was precluded from arguing against its admission.

In its written decision issued on March 23, 2010, the court found that the 2005 letter constituted a "clear acknowledgement" of debt sufficient to remove the bar of the statutes of limitations. To support this conclusion, the court found that the 2005 letter, "while prepared by the defendant's auditors, was written on the defendant's letterhead and signed by the defendant's [president]. It clearly delineates the terms of the note and refers to it as 'our note payable to you.' . . . [N]othing in the correspondence indicates that the defendant did not intend to pay the debt, or that it intended to rely on any statute of limitations." Accordingly, the trial court rendered judgment in favor of the plaintiff in the amount of $315,384.95. This appeal followed.

I

The defendant first argues that the trial court improperly considered the plaintiff's claim in avoidance of the statutes of limitations special defenses because it was not pleaded in the reply to the special defenses in accordance with Practice Book § 10-57.[4] We disagree.

As an initial matter, we set forth the appropriate standard of review. Our Supreme Court has stated that "when a party properly objects to a violation of the rules of practice, the trial court may disregard the improperly raised claim if doing so is not an abuse of discretion. Accordingly . . . we review the trial court's decision under an abuse of discretion standard." *Schilberg Integrated Metals Corp.* v. *Continental Casualty Co.*, 263

_____
[4] See footnote 1 of this opinion.

Conn. 245, 273–74, 819 A.2d 773 (2003). Thus, we review the trial court's decision in the present case under the same abuse of discretion standard.

"When reviewing claims under an abuse of discretion standard, the unquestioned rule is that great weight is due to the action of the trial court and every reasonable presumption should be given in favor of its correctness . . . . Furthermore, we have stated in other contexts in which an abuse of discretion standard has been employed that this court will rarely overturn the decision of the trial court." (Citation omitted; internal quotation marks omitted.) Id., 274.

In the present case, the defendant understood that the lapsing of the statutes of limitations was an issue to be considered by the court, as the defendant introduced this defense. At trial, the defendant was apprised of the existence and importance of the 2005 letter several times and had the opportunity to respond on each occasion. Before the plaintiff presented evidence, her counsel announced that the plaintiff's position was "that the statute [was] tolled and has not run out on this matter due to the affirmation and the acknowledgment of the debt up and through 2005." The defendant's counsel responded that "the documents to which [the plaintiff's] counsel refers are not mentioned in the [c]omplaint." After the 2005 letter was admitted as an exhibit, the plaintiff's counsel again expressed her intention to argue that the 2005 letter was an acknowledgment of the debt. In addition, both parties examined the witness, Knudsen, and had the opportunity to investigate fully his role in signing the 2005 letter, as well as the circumstances under which the auditors would draft this type of letter. At the conclusion of the trial, the court allowed both parties to file simultaneous posttrial briefs, at which juncture the defendant was provided an additional opportunity to respond to the plaintiff's claim

in avoidance of the defendant's statutes of limitations special defenses.

Thus, the issue was squarely before the court when it made its decision, and the defendant was permitted repeatedly to respond to the plaintiff's claim in avoidance of the statutes of limitations special defenses. We acknowledge that it would have been a better practice for the plaintiff to have alleged the matter in avoidance in her reply to the special defenses. Nonetheless, under the facts of this case, we cannot conclude that it was an abuse of discretion for the court to consider the plaintiff's claim in avoidance. Moreover, the plaintiff could have amended her pleadings to conform to the evidence at trial.

## II

The defendant next contends that the court improperly concluded that this action was not time barred by the applicable statutes of limitations, as set forth in §§ 42a-3-118 and 52-576 (a). Specifically, the defendant contends that the court's finding that it acknowledged the debt in the 2005 letter, thereby tolling the statutes, was clearly erroneous. We are not persuaded.

"The Statute of Limitations creates a defense to an action. It does not erase the debt. Hence, the defense can be lost by an unequivocal acknowledgment of the debt, such as a new promise, an unqualified recognition of the debt, or a payment on account. . . . Whether partial payment constitutes unequivocal acknowledgment of the whole debt from which an unconditional promise to pay can be implied thereby tolling the statute of limitations is a question for the trier of fact. . . .

"A general acknowledgment of an indebtedness may be sufficient to remove the bar of the statute. The governing principle is this: The determination of whether a sufficient acknowledgment has been made depends

upon proof that the defendant has by an express or implied recognition of the debt voluntarily renounced the protection of the statute. . . . But an implication of a promise to pay cannot arise if it appears that although the debt was directly acknowledged, this acknowledgment was accompanied by expressions which showed that the defendant did not intend to pay it, and did not intend to deprive himself of the right to rely on the Statute of Limitations . . . . [A] general acknowledgment may be inferred from acquiescence as well as from silence, as where the existence of the debt has been asserted in the debtor's presence and he did not contradict the assertion. . . .

"We review the trial court's finding . . . under a clearly erroneous standard. . . . [A] finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. . . . We do not examine the record to determine whether the trier of fact could have reached a conclusion other than the one reached. Rather, we focus on the conclusion of the trial court, as well as the method by which it arrived at that conclusion, to determine whether it is legally correct and factually supported." (Citations omitted; internal quotation marks omitted.) *Cadle Co.* v. *Errato*, 71 Conn. App. 447, 461–63, 802 A.2d 887, cert. denied, 262 Conn. 918, 812 A.2d 861 (2002).

In the present case, the court noted that the 2005 letter was written on the defendant's letterhead and signed by its president. It found significant that the 2005 letter stated, "our note payable to you." Further, the court identified nothing in the 2005 letter that indicated that the defendant did not intend to pay the debt, or that it intended to rely on the statutes of limitations. These findings were supported by the plain language

of the 2005 letter, interpreted in conjunction with Knudsen's testimony. Under the circumstances of this case, we cannot conclude that the trial court's finding that "the correspondence [was] a clear acknowledgment of indebtedness" sufficient to toll the applicable statutes of limitations was clearly erroneous. Accordingly, the defendant cannot prevail on this claim.

The judgment is affirmed.

In this opinion the other judges concurred.