******************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

## GAMA AVIATION (MANAGEMENT), INC. *v.* IZAK SENBAHAR
## (AC 46852)

Alvord, Seeley and Palmer, Js.

*Syllabus*

The defendant appealed from the trial court's judgment granting the plaintiff's motion for summary judgment in its action to recover from the defendant for his breach of an agreement to guarantee payment of a promissory note executed by a third-party borrower. The defendant claimed that the trial court erred in rejecting his statute of limitations special defense. *Held*:

The trial court properly granted the plaintiff's motion for summary judgment, as the undisputed evidence established the defendant's breach of the guaranty agreement and clearly demonstrated that the defendant had acknowledged the debt prior to the expiration of the limitation period, thereby resetting the limitation period.

Argued September 17, 2024—officially released March 18, 2025

*Procedural History*

Action to recover damages for breach of contract, and for other relief, brought to the Superior Court in the judicial district of Ansonia-Milford, where the court, *Frechette, J.*, granted the plaintiff's motion for summary judgment and rendered judgment thereon, from which the defendant appealed to this court. *Affirmed.*

*Nathan C. Zuzula*, for the appellant (defendant).

*Michael J. Donnelly*, for the appellee (plaintiff).

*Opinion*

PALMER, J. The plaintiff, Gama Aviation (Management), Inc., commenced this action against the defendant, Izak Senbahar, alleging breach of the defendant's agreement to personally guarantee payment of a promissory note that had been executed in favor of the plaintiff by a third-party borrower. The trial court rendered summary judgment for the plaintiff and, in so doing, rejected the defendant's statute of limitations defense,

concluding that, although the plaintiff's action was not brought within the original six year limitation period, the action was not time barred because the defendant acknowledged the debt owed under the guaranty agreement, thereby resetting that six year period. On appeal, the defendant challenges the trial court's determination that he could not prevail on his statute of limitations defense as a matter of law because, the defendant contends, he never acknowledged the debt and, consequently, the plaintiff's action is barred by the original limitation period. We disagree with the defendant and, accordingly, affirm the judgment of the trial court.

The following undisputed facts and procedural history are relevant to our resolution of this appeal. On July 13, 2021, the plaintiff filed a one count complaint claiming breach of a guaranty agreement by the defendant and alleging in relevant part as follows.[1] On or about January 30, 2012, the plaintiff, as the lender, and Zulu Air Service, LLC (Zulu), as the borrower, entered into a commercial loan evidenced by a promissory note (note) in the principal loan amount of $1,100,000 with a maturity date of December 31, 2013.[2] On January 30, 2012, the defendant executed a guaranty agreement in favor of the plaintiff as additional security for the note, guaranteeing the prompt satisfaction of Zulu's indebtedness to the plaintiff in the event of Zulu's default of its payment obligation under the terms of the note. Zulu made one payment of $500,000 to the plaintiff but failed to tender the balance due to the plaintiff by December

---

[1] Previously, on March 11, 2021, the plaintiff filed an application for a prejudgment remedy, which the court, *Hon. Arthur A. Hiller*, judge trial referee, granted on July 9, 2021, in the amount of $1,675,000.

[2] The complaint alleges that the defendant was affiliated with Zulu, which is not a party to this case. The record further reflects that the defendant and a friend purchased a Falcon 2000 jet aircraft from the plaintiff and formed Zulu as a single purpose entity to own the aircraft. Both the defendant and his friend were to pay Zulu for the maintenance and usage of the plane, and, in turn, Zulu was responsible for paying the plaintiff.

31, 2013, or thereafter, thereby breaching the terms of its obligation under the note. As a result, the defendant was required, pursuant to the terms of the guaranty agreement, to tender all sums due and owing to the plaintiff under the note. On October 31, 2018, the plaintiff made demand upon the defendant, in accordance with the terms of the guaranty agreement, for payment of the amount owed under the note. The defendant did not pay the plaintiff.

Throughout 2019, the plaintiff's president and the defendant engaged in email communications in which the former sought payment. As set forth more fully hereinafter, these communications included representations by the defendant referring to the debt and a proposed payment plan. The plaintiff, however, never received any payments from the defendant.[3]

In his response to the plaintiff's action, the defendant filed an answer and, inter alia, a special defense alleging that the plaintiff's claim of breach of the guaranty agreement was barred by the six year limitation period set forth in General Statutes § 52-576.[4] Thereafter, the plaintiff moved for summary judgment. In support of its motion, the plaintiff maintained that the undisputed facts established that the defendant had breached the terms of the guaranty agreement because it was uncontested that the plaintiff was owed a debt from Zulu, the defendant executed a guaranty agreement to pay that

---

[3] The plaintiff also never received any additional payments on the note from Zulu.

[4] General Statutes § 52-576 provides in relevant part: "(a) No action for an account, or on any simple or implied contract, or on any contract in writing, shall be brought but within six years after the right of action accrues . . . ."

It is undisputed that the six year limitation period of § 52-576 applies to actions for breach of a guaranty agreement. See, e.g., *Associated Catalog Merchandisers, Inc.* v. *Chagnon*, 210 Conn. 734, 746 n.6, 557 A.2d 525 (1989) (limitation period of § 52-576 is applicable to claim of breach of guaranty agreement).

debt when due in the event Zulu failed to do so, and the debt had not been paid.[5] The plaintiff further maintained that its claim was not barred by the statute of limitations because the undisputed facts, as reflected in certain email communications between the defendant and the plaintiff's president, as well as the defendant's deposition testimony, established conclusively that the defendant acknowledged the debt prior to the expiration of the limitation period and, consequently, that period began anew with the acknowledgement. In opposing the plaintiff's motion for summary judgment, the defendant asserted that the statute of limitations barred the plaintiff's claim and that that bar had not been removed because, contrary to the plaintiff's claim, he had not acknowledged the debt.

In its memorandum of decision, the trial court, *Frechette, J.*, granted the plaintiff's motion for summary judgment.[6] The court agreed with the plaintiff that the undisputed evidence established the defendant's breach of the guaranty agreement. With respect to the defendant's statute of limitations defense, the court also concluded that the undisputed evidence—in particular, three emails between the plaintiff's president and the defendant, and certain deposition testimony of the defendant—clearly demonstrated that the defendant had acknowledged the debt, thereby resetting the limitation period.[7] In the first such email, dated January 10, 2019, the defendant informed the plaintiff's president as follows: "I am

[5] See, e.g., *Tolland Meetinghouse Commons, LLC* v. *CXF Tolland, LLC*, 211 Conn. App. 1, 6, 271 A.3d 1118 (2022) (reciting elements of breach of guaranty agreement).

[6] We note that the defendant previously had filed his own motion for summary judgment, which the trial court denied in its memorandum of decision.

[7] The defendant also filed two additional special defenses, laches and unclean hands, both of which the trial court rejected as a matter of law. The defendant has not appealed from the court's judgment with respect to either of those defenses.

working on a $250,000 payment. I anticipate [thirty] to [forty-five] days for the first installment." Further, when questioned at his deposition concerning his reference in that email to the $250,000 payment, the defendant stated: "You know, another payment—they claim 1.1 million. There's a note against it. And I said I'll—I guess I said I'll send—I'm working on sending you another $250,000."[8]

In a second email sent to the plaintiff's president on January 14, 2022, the defendant stated: "I am working on a payment of $250,000 in the next [thirty] to [forty-five] days. I will know better towards the end of the week. I anticipate starting a program of monthly payments starting in June. I am around if you want to meet or talk on the phone." In a third email to the plaintiff's president dated January 15, 2022, the defendant repeated verbatim what he had stated in his email to the plaintiff's president the day before. In addition, when asked in his deposition to explain the statement in his email correspondence that he would pay the plaintiff $250,000 in the next thirty to forty-five days, the defendant confirmed the statement as follows: "I'm seeing that I'm saying I'll make a 250 payment with some installments." Questioned further in his deposition as to whether he was stating that he would make payments toward the $250,000 in installments, the defendant replied, "I think so, yeah."

In its decision, the trial court observed that the defendant had repeatedly and unequivocally acknowledged the debt, concluding that there was no genuine issue of material fact with respect to that issue "based on the defendant's plain acknowledgment of the debt, in writing, and his deposition testimony affirming his

---

[8] There was no prior payment of $250,000. In stating that he was working on sending the plaintiff "another" payment of $250,000, the defendant is referring to the only payment, which was in the amount of $500,000, that previously was made to the plaintiff by Zulu.

acknowledgment of the debt.'' Accordingly, the court further concluded that the plaintiff was entitled to prevail as a matter of law on the defendant's statute of limitations claim.[9] After granting the plaintiff's motion for summary judgment, the court entertained the plaintiff's claim for damages, attorney's fees and interest, and rendered judgment for the plaintiff in the amount of $2,140,760.95. Subsequently, the court also awarded the plaintiff offer of compromise interest in the amount of $354,253.55.[10] This appeal followed.

The defendant maintains that the court improperly concluded that the plaintiff's action for breach of the guaranty agreement was not time barred by the applicable six year statute of limitations.[11] Specifically, he contends that, as the plaintiff alleged in its complaint, Zulu defaulted on the note in December, 2013, and the plaintiff did not file its action until 2021, more than seven years after its cause of action accrued. The defendant further contends that the original six year limitation period was not reset because, despite the trial court's contrary determination, he never acknowledged the debt. We are not persuaded.

The following legal principles guide our resolution of this appeal, beginning with the well established standard governing our review of a trial court's decision to

---

[9] We note that, in the trial court, the plaintiff also claimed that the defendant could not prevail as a matter of law on his statute of limitations defense because the guaranty agreement itself contains an express blanket waiver of that defense. In reliance on *Haggerty* v. *Williams*, 84 Conn. App. 675, 680, 855 A.2d 264 (2004), the trial court rejected the plaintiff's claim on the ground that the purported waiver violated public policy and, therefore, was unenforceable. The plaintiff raises its claim of a blanket waiver on appeal as an alternative ground for affirmance. In view of our determination that the trial court properly rejected the statute of limitations defense because the defendant acknowledged the debt, thereby resetting the limitation period, we need not address the plaintiff's claim of a blanket waiver under the guaranty agreement.

[10] The amounts of the judgment and the award are not the subject of this appeal.

[11] On appeal, the defendant does not challenge the trial court's determination that he breached the guaranty agreement.

grant a motion for summary judgment. "Practice Book [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts [that], under applicable principles of substantive law, entitle [it] to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . . A material fact . . . [is] a fact [that] will make a difference in the result of the case. . . . Finally, the scope of our review of the trial court's decision to grant the plaintiff's motion for summary judgment is plenary." (Internal quotation marks omitted.) *Day* v. *Seblatnigg*, 341 Conn. 815, 825, 268 A.3d 595 (2022).

This case implicates our law governing the tolling of a statute of limitations by virtue of an acknowledgment of a debt. "The statute of limitations creates a defense to an action. It does not erase the debt. Hence, the defense can be lost by an unequivocal acknowledgment of the debt, such as a new promise, an unqualified recognition of the debt, or a payment on account. . . . A general acknowledgment of an indebtedness may be sufficient to remove the bar of the statute. The governing principle is this: The determination of whether a sufficient acknowledgment has been made depends upon proof that a defendant has by an express or implied recognition of the debt voluntarily renounced the protection of the statute. . . . But an implication of a promise to pay cannot arise if it appears that although the debt was directly acknowledged, this

acknowledgment was accompanied by expressions which showed the defendant did not intend to pay it, and did not intend to deprive himself of the right to rely on the [s]tatute of [l]imitations . . . . [A] general acknowledgment may be inferred from acquiescence as well as from silence, as where the existence of the debt has been asserted in the debtor's presence and he did not contradict the assertion." (Internal quotation marks omitted.) *Ajluni* v. *Chainani*, 184 Conn. App. 650, 655–56,195 A.3d 694 (2018). Ordinarily, whether statements or conduct by a defendant constitute an acknowledgment of a debt sufficient to toll the statute of limitations is a question for the trier of fact. See id., 656.

With the foregoing considerations in mind, we conclude that the trial court properly determined that the plaintiff produced undisputed evidence, specifically email communications between the defendant and the plaintiff's president, as well as the defendant's deposition testimony, that the defendant unequivocally acknowledged the existence of the debt. In his emails, the defendant never indicated that he would not pay the debt. Rather, he repeatedly stated that he intended to make payments on the debt in installments, the first of which he planned to make within thirty to forty-five days. In his deposition testimony, the defendant confirmed that the payment to which he was referring in these email communications pertained to the debt he owed under the guaranty agreement, which expressly referenced the $1,100,000 note, and he further confirmed the statement in his email that he was working on sending the plaintiff $250,000. This evidence definitively established that the defendant acknowledged the debt and was taking steps to pay it. As this court has previously stated in a case also involving email communications, "[w]e thus agree with the [trial] court's determination that there was nothing equivocal about the reaffirmation of

the existence of the debt; the defendant merely hedged on if and when he would be *able* to repay it." (Emphasis in original; internal quotation marks omitted.) Id., 658.

Although not disputing that the note and guaranty agreement both are in the stated amount of $1,100,000, the defendant asserts that he never acknowledged the full amount of the debt and, in fact, shortly after the note and guaranty agreement were executed, he began questioning whether that amount accurately reflected the value of the services actually rendered by the plaintiff to Zulu, and he requested records to back up the amount. As the trial court observed, however, the defendant has provided no case law for the proposition that a statement is insufficient to constitute an acknowledgment of the debt merely because the guarantor has not explicitly acknowledged the precise total of the debt owed.

The defendant also claims that the determination of whether a guarantor has acknowledged a debt and, as a result, tolled the statute of limitations is a "classic example" of a decision that should be left to the finder of fact and not decided by summary judgment. We agree that that determination usually is one for the fact finder and, further, that most of this state's appellate jurisprudence on the issue involves claims concerning the evidentiary sufficiency of a factual finding on the issue.[12]

---

[12] See, e.g., *Ajluni* v. *Chainani*, supra, 184 Conn. App. 657–59 (evidence was sufficient to support finding by trial court that defendant acknowledged debt, thereby resetting statutory limitation period); *Williams Ground Services, Inc.* v. *Jordan*, 174 Conn. App. 247, 251–55, 166 A.3d 791 (2017) (same); *Alarmax Distributors, Inc.* v. *New Canaan Alarm Co.*, 141 Conn. App. 319, 334, 61 A.3d 1142 (2013) (same); *Zatakia* v. *Ecoair Corp.*, 128 Conn. App. 362, 369–71, 18 A.3d 604 (same), cert. denied, 301 Conn. 936, 23 A.3d 729 (2011); *John H. Kolb & Sons, Inc.* v. *G & L Excavating, Inc.*, 76 Conn. App. 599, 610–12, 821 A.2d 774 (same), cert. denied, 264 Conn. 919, 828 A.2d 617 (2003); *Cadle Co.* v. *Errato*, 71 Conn. App. 447, 460–65, 802 A.2d 887 (same), cert. denied, 262 Conn. 918, 812 A.2d 861 (2002).

We also are mindful that "summary judgment is appropriate only if a fair and reasonable person could conclude only one way. . . . [A] summary disposition . . . should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party. . . . [A] directed verdict may be rendered only where, on the evidence viewed in the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed." (Citations omitted; emphasis omitted; internal quotation marks omitted.) *Dugan* v. *Mobile Medical Testing Services, Inc.*, 265 Conn. 791, 815, 830 A.2d 752 (2003).

Considering, however, the undisputed evidence in the present case, namely, the email correspondence between the defendant and the plaintiff's president, and the defendant's deposition testimony concerning that correspondence, we are satisfied that no reasonable fact finder could reach any conclusion other than that the defendant had unconditionally recognized the debt and that the limitation period was thereby reset by that acknowledgment. In such circumstances, the plaintiff is entitled to prevail on the issue as a matter of law. Consequently, the defendant's claim must fail.

The judgment is affirmed.

In this opinion the other judges concurred.